### 3179.  PACE v. CITY OF HAZLEHURST.

The court did not err in refusing to sanction the certiorari.

DECIDED APRIL 11, 1911.

Certiorari; from Jeff Davis superior court—Judge Conyers. January 7, 1911.

*H. A. King,* for plaintiff in error.  *S. D. Dell,* contra.

POWELL, J.  Pace was convicted of violating one of the ordinances of the City of Hazlehurst.  He appealed to the city council from the decision of the mayor.  The council was composed of six members.  When the trial came on before the council, the accused made the point that two of the councilmen were disqualified, because they were related to the mayor, who had originally tried the case, and who would receive as costs, in the event of a conviction, a portion of the fine.  While not conceding that this point was well taken, the two councilmen, one of whom was mayor pro tempore, stepped aside, and the one who was mayor pro tempore asked another councilman to preside in his stead.

One of the exceptions is that the retiring mayor pro tempore designated the member of the council who should preside in his place.  In the first place, it does not appear that these two councilmen were related to the mayor in any degree which would disqualify them, even if the mayor had had such financial interest in the case that he would have been disqualified.  The mayor, however, was not disqualified.  See *Wellmaker* v. *Terrell,* 3 *Ga. App.* 791 (60 S. E. 464).  As was held in the case just cited, interest in the costs of a case is not interest in the subject-matter of the case, within the purview of our statutes relating to disqualification of judicial officers.  Certainly in this case the complaint of the accused is not meritorious, where the only thing that the alleged disqualified officer did was to step aside and ask another member of the council to preside in his stead.  Furthermore, the case was not tried by the presiding officer alone, but by him and three other qualified councilmen.

It is insisted that the judgment finding the defendant guilty is without evidence to support it, because the witness for the prosecution was impeached.  Whether the impeachment was successful or not was one of the very things involved in the judgment.  Attempting to impeach a witness is a very different thing from im-

peaching him. It is not ground for the setting aside of a verdict, in this court, that it was based on the testimony of a witness as to whom impeachment was attempted.

Another point is that the judgment of the council is not in proper form. The finding was as follows: "The council finds the defendant guilty, and sustains the mayor in his judgment." The point is that, the appeal before the council being a de novo investigation, the council should have gone forward and assessed the penalty, without reference to the action of the mayor. Even if the finding of the council can not be construed as imposing the same sentence as the mayor had imposed, and even if the judgment were not binding until sentence had been imposed, this would not afford a reason for setting aside the judgment on certiorari, but would be a reason for dismissing the petition for certiorari; because a petition for certiorari can not be filed until there has been a final judgment in the court below.

Certain other exceptions are made in the record, but none of them are meritorious.          *Judgment affirmed.*