### 9485. CHORAN *v.* THE STATE.

1. Where there is some evidence to authorize the verdict, and it is approved by the trial judge, this court can not interfere.
2. The credibility of a witness is a matter to be determined by the jury, and neither bad character nor conviction of crime renders a witness incompetent.
3. The newly discovered evidence, being merely cumulative and impeaching in its character, was not cause for a new trial.
DECIDED APRIL 2, 1918.

Indictment for unlawful sale of liquor; from Douglas superior court—Judge Bartlett. December 19, 1917.

Arthur Choran was charged with selling liquor. H. L. Dorris, a witness for the State, testified: "I went and hunted up Arthur Choran and told him that I wanted to get a quart of whisky. He had a quart of corn whisky in his hip-pocket pants, in a bottle, and he let me have the whisky. I told him it was for Lon Beggs and another party. I bought the whisky and paid him the money in Douglas county that Lon gave me,—one dollar. This was in the month of January or February, 1917." The defendant in

his statement at the trial said: "I have not dealt with any whisky, so far as being engaged in its traffic, for over two and a half years. I was tried in Paulding superior court two years ago, and served a while in jail, and paid out the fine. About the same time there was a bill of indictment found against me by the grand jury of this county. I came here, and was tried. This case in Douglas county was concerning the same liquor that I was indicted for in Paulding county. I lived a few miles over Douglas-county line. I was tried the last time before Tarver. He fined me $50 and gave me a short sentence in the chain-gang for three months. I was not guilty of that offense, and I made a motion for new trial, which is now pending, and I expect to have the verdict set aside. I quit the liquor business two and a half years ago," etc. The defendant proved, on cross-examination of the witness Dorris, that the witness had pleaded guilty to furnishing liquor to a minor; and there was testimony of other witnesses to the effect that they tried to get whisky from the defendant that day and that he did not have any, but that the witness Dorris did have a pint and a quart-bottle of whisky under the cushion seat of his buggy, and that he took it out and went off with it. The jury found the defendant guilty, and the sentence was that he pay a fine of $500, or in lieu thereof be confined in the chain-gang for twelve months. He moved for a new trial on the usual general grounds, and on two additional grounds, one of which was disapproved by the court, and the other of which was based on newly discovered evidence of two witnesses to the effect that the State's witness, Dorris, had liquor and sold liquor on the day on which he claimed to have bought the liquor from the defendant. The motion was refused and the defendant excepted.

*James & Bedgood,* for plaintiff in error.

*J. R. Hutcheson, solicitor-general,* contra.

HARWELL, J. (After stating the foregoing facts.) The defendant's own witness testified that he tried to get some whisky from the defendant on the day the defendant was charged with having sold it. This was a circumstance which the jury had a right to take into consideration. The defendant in his statement admitted that he had sold whisky illegally, that he had been convicted several times of so doing, and that he was at that time under sentence for selling whisky, and that he had a motion for a

new trial pending. The testimony of the State's witness, Dorris, included every material fact necessary to convict the defendant, and undoubtedly made out a case against him. Where no error of law is committed, as in the instant case, and there is some evidence on which to base the verdict, this court has no authority to interfere. *Edge* v. *Thomas,* 9 *Ga. App.* 559 (71 S. E. 875); *Toole* v. *Jones,* 19 *Ga. App.* 24 (90 S. E. 732).

There was testimony that the State's principal witness had whisky on the day that he was alleged to have bought it from defendant, and he admitted having sold it and being under indictment for selling it; still the jury had a right to believe him, and evidently did believe him. The credibility of a witness is a matter to be determined by the jury, and neither bad character nor conviction of crime renders a witness incompetent. Penal Code, § 1054; *Stone* v. *State,* 118 *Ga.* 705 (6), 714 (45 S. E. 830, 98 Am. St. R. 145); *Ray* v. *State,* 91 *Ga.* 87 (16 S. E. 311); *Pace* v. *Hazlehurst,* 9 *Ga. App.* 203 (70 S. E. 967).

The newly discovered evidence was merely cumulative and impeaching in its character, and was not sufficient to require a new trial. It only purported to show that the State's witness had and sold some whisky on the day that he claimed to have bought some from defendant. *Sweat* v. *State,* 90 *Ga.* 315 (3), 316 (17 S. E. 273); *Potter* v. *State,* 12 *Ga. App.* 315 (77 S. E. 186).

There being no error of law, and there being sufficient evidence to authorize the verdict, the judgment is

Affirmed. *Broyles, P. J., and Bloodworth, J., concur.*