## 51441. PETETIT v. THE STATE.

EVANS, Judge.

Defendant pleaded guilty to two felonies: burglary and concealing the identity of a motor vehicle. He also pleaded guilty to a misdemeanor — giving a false name. He was sentenced to serve 10 years on the burglary charge and 5 years on the second count as to concealing the identity of a motor vehicle. The second sentence was to

run concurrently with the 10 year sentence. He received a 12 month sentence for the misdemeanor, which was also to run concurrently with the burglary sentence. Motion for new trial was filed and denied. Defendant appeals. He contends his right to counsel when pleading guilty to the charges was not sufficiently explained to him. *Held:*

1. At the time of defendant's plea of guilty, the court conducted a hearing and before pleading to the indictment, defendant was fully advised of his constitutional rights to a speedy and public trial, the right to be tried by a jury, the right to see, hear and question all witnesses against him, the right to present evidence or to remain silent, and the right to have a qualified attorney to *defend him before, during and, if necessary, after the trial.*

2. Counsel contends that the court failed to explain to the defendant that he had a right to be represented by counsel *at the hearing where he pleaded guilty* and that he did not understand he was entitled to counsel even if he did not go to trial. The better practice should be for the court to determine indigency and to appoint counsel, if defendant is indigent, even if defendant desires to plead guilty. But here, it was thoroughly explained to defendant that he was entitled to a qualified attorney to defend him before, during and, if necessary, after the trial. The denial of due process by lack of counsel being present was not shown here as was in the case of Townsend v. Burke, 334 U. S. 736 (2) (68 SC 1252, 92 LE 1690).

3. It is clear that defendant waived his right to counsel, and we find that he was not misled, but freely and voluntarily pleaded guilty without hope of reward, knowing he was entitled to counsel should he desire.

4. Defendant did not withdraw his waiver and request counsel at the sentencing stage as has been done in other cases.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

ARGUED OCTOBER 30, 1975 — DECIDED NOVEMBER 18, 1975 — REHEARING DENIED DECEMBER 5, 1975 — ▮▮▮▮▮▮

*J. Dunham McAllister,* for appellant.

*William H. Ison, District Attorney, J. W. Bradley, Assistant District Attorney,* for appellee.