## 55291. STONE v. THE STATE.

Deen, Presiding Judge.

On August 22, 1977, appellant pled guilty to two counts of public drunkenness and was sentenced to two consecutive terms of twelve months to be served on probation. His probation was revoked on September 21, 1977. He brings this appeal from an October 31, 1977, order of the Superior Court of Dodge County which dismissed his motion ". . . to set aside the original

judgment of conviction and the judgment of revocation; or in the alternative for a new trial." On appeal, he asserts four enumerations of error.

1. Appellant contends that the trial court erred in denying him a hearing on his motion. This enumeration is without merit. " 'A motion to set aside a verdict and judgment is not an appropriate remedy in a criminal case. [Cits.]' " *Waits v. State,* 204 Ga. 295 (1) (49 SE2d 492) (1948). His motion for a new trial was not filed within thirty days after the plea and sentence as required under Code Ann. § 70-301, and his right to withdraw a guilty plea as provided in Code Ann. § 27-1404 is restricted to that period of time before the sentence is entered in writing by the trial judge and delivered to the clerk for filing. *Jones v. State,* 141 Ga. App. 284 (233 SE2d 258) (1977); *King v. State,* 91 Ga. App. 388 (85 SE2d 637) (1955). Appellant did not move to withdraw his plea until forty-four days after his sentence had been filed with the clerk. There is no evidence to show that the trial judge abused his discretion when he dismissed appellant's motion.

2. Appellant's Enumerations 2 through 4 are not supported in his brief by citation of authority or argument and are deemed abandoned. Court of Appeals Rule 18 (c) (2) (Code Ann. § 24-3618 (c) (2)). See *O'Neal v. Griffin,* 139 Ga. App. 11 (228 SE2d 18) (1976). However, we have examined the record and find that the trial court was authorized to revoke appellant's probation. The evidence presented at the revocation hearing showed that appellant was arrested for public drunkenness and carrying a concealed weapon on September 12, 1977, and for driving under the influence and committing twelve other traffic offenses on September 14, 1977. This evidence more than satisfies the "slight evidence" requirement that must be met to revoke appellant's probation. *Sellers v. State,* 107 Ga. App. 516 (130 SE2d 790) (1963).

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED FEBRUARY 1, 1978 — DECIDED FEBRUARY 16, 1978.

*J. Laddie Boatright,* for appellant.

*Phillip R. West, District Attorney, James L. Wiggins, Assistant District Attorney,* for appellee.