## 59112. HUFFMAN v. THE STATE.

Shulman, Judge.

Appellant was found guilty of committing the offense of burglary as charged. We reverse.

1. The trial court charged the jury in accordance with Code Ann. § 26-604 (the rebuttable presumption that a person of sound mind and discretion intends the natural and probable consequence of his acts). Appellant, citing Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39), urges that the charge impermissibly shifted the burden of persuasion. We disagree.

In Skrine v. State, 244 Ga. 520, the Supreme Court considered a charge virtually identical to the one complained of by appellant. The holding in Skrine that the charge is not impermissibly burden shifting is dispositive of this enumeration. See also Whisenhunt v. State, 152 Ga. App. 829.

2. The trial court refused to charge the jury in accordance with appellant's timely submitted written request to charge on criminal trespass. Code Ann. § 26-1503 (b) (1). Appellant's contention that the refusal to so charge constituted reversible error is well taken.

About 4 a.m., a burglar alarm was tripped at a golf course clubhouse. Although an individual was apprehended shortly after law enforcement officers arrived at the scene, appellant was apprehended in the attic of the burglarized building about six hours later when officers were called to investigate the burglary a second time. According to appellant, he entered the building during business hours while the building was open to the general public (i.e., on the morning following the burglary) and was in the attic looking for an acquaintance whom appellant believed to be hiding there.

Since appellant's testimony, if believed, would negate an element of the crime of burglary (entry with intent to commit a felony or theft) (see Baker v. State, 127 Ga. App. 99 (1) (192 SE2d 558)), the trial court erred in refusing to charge on the lesser included offense of criminal trespass. Williamson v. State, 134 Ga. App. 583 (215 SE2d 518). (Compare Deese v. State, 137 Ga. App. 476 (3) (224 SE2d 124), holding that a charge on criminal trespass was not

authorized where the defendants admitted being on the grounds of a service station only for a lawful purpose, but completely denied having entered the building defendants were charged with burglarizing. Accord, *Tuggle v. State,* 149 Ga. App. 844 (6) (256 SE2d 104)).

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

Submitted January 7, 1980 — Decided January 29, 1980 —

Stephen P. Harrison, for appellant.
Robert L. Huffman, *pro se.*
*E. Byron Smith, District Attorney, W. Hal Craig, Assistant District Attorney,* for appellee.