## 63825. HAMILTON v. THE STATE.

QUILLIAN, Chief Judge.

The defendant appeals her conviction for armed robbery. *Held:*

1. The defendant was tried along with her husband, the co-defendant. Basically the evidence showed that the defendant drove an automobile to the scene of the crime, parked the vehicle at a nearby car wash and remained there while her husband, the passenger, went inside a convenience store and committed a robbery by use of a pistol. A police officer arrived on the scene and began to question the defendant when the husband came out of the store and immediately ran away. He subsequently gave himself up and confessed to the robbery. At the time the defendant was talking with the officer, according to his testimony, she gave her former married name, rather than her present one, said that her husband was "running around" and she was there to look for him and misdescribed her present husband, giving a description that matched that of her former husband.

Defendant's second enumeration of error asserts the trial court erred in admitting into evidence the confession of defendant's husband, the co-defendant. Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) is our pole-star in this matter. In that case there were two co-defendants. The confession of one implicated the other. The confessing co-defendant did not take the stand. Because of this and the fact that, as a result, the co-defendant could not be cross-examined, the Supreme Court held the admission of the co-defendant's confession deprived the defendant of his right to confrontation under the Sixth Amendment to the U. S. Constitution. This was reversible error even though the jury was charged that the confession was only admissible against the confessing defendant.

The following language contained in the confession is crucial to our determination if Bruton's precepts were violated. The co-defendant in the course of his recitation of what transpired interjected: "Gail did not know I was going to rob a store, but she knew I was up to something, but she didn't know what." He then stated that after driving to the convenience store, "I told Gail to pull around back to the car wash, she did and we sat there a minute, then I got out and did not tell her nothing. I then got out with the gun in the back of my pants and went into the store and robbed them."

"To be harmless, a Bruton error must be harmless beyond a

reasonable doubt. Schneble v. Florida, 405 U. S. 427 (1972); Harrington v. California, 395 U. S. 250 (1969)." *Munford v. Seay,* 241 Ga. 223, 224 (1) (244 SE2d 857). The Georgia Supreme Court further explained "In Schneble the weighing process was phrased in this way: 'In some cases the properly admitted evidence of guilt is so overwhelming, and the prejudicial effect of the codefendant's admission is so insignificant by comparison, that it is clear beyond a reasonable doubt that the improper use of the admission was harmless error.' 405 U. S. at 430. Also, reversal is not required 'unless there is a reasonable probability that the improperly admitted evidence contributed to the conviction.' "

The evidence against the defendant in this case was not so overwhelming as to render any error harmless. Was the statement contained in the confession prejudicial? Certainly it was ambiguous — on one hand indicating a lack of guilt with merely some knowledge that her co-defendant was up to something. On the other hand, taking the darker side, the confession contains two not so contradictory expressions: the co-defendant recited for the record that the defendant did not know anything, but implied she actually did have guilty knowledge, while not saying so expressly. We therefore cannot hold that such ambiguity is harmless beyond a reasonable doubt. For, if the jury took the statement in a light unfavorable to the defendant, in view of remaining evidence, there would be a reasonable probability that the admission of that part of the co-defendant's confession contributed to the defendant's conviction.

Hence, the admission of such statement was error requiring the grant of a new trial to the defendant Gail Hamilton.

2. The first enumeration of error complains of the failure to sever the trial of the two co-defendants. In view of ruling in this first division the defendant will now have a separate trial and any issue on this point is moot.

3. The third enumeration of error is "The trial court erred in instructing the jury that it was the duty of the jurors to accept that evidence which is most reasonable and credible to them where it could not reconcile conflicting evidence."

In support of her contention we are cited United States v. Holland, 526 F2d 284, reviewing a charge to the effect that the jury should reconcile the testimony of witnesses so that they speak the truth but if unable to reconcile, then reject the testimony which the jury believes to be untrue or mistaken. The court held this charge: "impermissibly condition[ed] the jury's right to disbelieve even uncontradicted testimony, . . . and suggests that, where the testimony of witnesses conflicts in any particular, all of one must be received and all of the other rejected." Id. p. 285. Upon examination of this

case we were not pursuaded by the Fifth Circuit's logic nor by the authority therein cited which did not sustain the position taken. Moreover, the Fifth Circuit was not persuaded by its own logic, as evidenced by United States v. Holland, 537 F2d 821, wherein United States v. Holland, 526 F2d 284, supra, was modified by that court which, upon reconsideration, found the change not to be harmful error. In arriving at that determination, the court made the following observations: "[I]t is not an invasion of the province of the jury for a judge to furnish jurors some guidance in their deliberations." The court noted that the federal trial judges should make clear that the ultimate decision as to truth or falsity lay with the jury. Moreover, including in the charge the admonition "the members of the jury were the 'sole judges of the facts in the case, the weight of the evidence and the credibility of the witnesses' " served to accomplish this objective.

The trial judge in this case made it clear that the jurors were the exclusive judges of the witnesses, their credibility, and the weight to be given their testimony. The questioned charge merely furnished some guidelines which are not, of necessity, erroneous and harmful.

The principle is well established that "perjury is never presumed." *Ga. Power Co. v. Owen,* 207 Ga. 178, 181 (60 SE2d 436). Accord, *Merchants' & Planters' Nat. Bank v. Trustees of Masonic Hall,* 62 Ga. 271, 281, 284 (5), *Petetit v. State,* 136 Ga. App. 931, 933 (222 SE2d 640). Moreover, "It is the duty of jurors to reconcile the testimony of witnesses if it can be reasonably done." *Thomas v. Lockwood,* 198 Ga. 437, 447 (31 SE2d 791). In *Parsons v. State,* 32 Ga. App. 504 (1) (123 SE 922), this court approved a charge: " 'If there are material conflicts in the evidence, you ought to endeavor to reconcile all of such conflicts, if you can do so, so as to make each and every witness speak the truth, and without imputing perjury to anybody, the law presuming they are all honest and tell the truth, until the contrary is made to appear by proof.' "

In view of this authority we do not find this enumeration of error to be meritorious.

4. The remaining enumerations of error are without merit. We do point out for purposes of the retrial, it is well settled that where the evidence in a criminal case shows that two or more persons, acting in concert, were concerned in the commission of an alleged crime, it is not harmful error to charge the jury on the law of conspiracy (*Battle v. State,* 231 Ga. 501 (202 SE2d 449)), for a conspiracy may be proved even though not alleged in an indictment. *Bruster v. State,* 228 Ga. 651 (3) (187 SE2d 297). However, such concept treats with instructions concerning the principles, maxims and theory of conspiracy (*Scott v. State,* 229 Ga. 541, 543 (1) (192 SE2d 367); *Eberheart v. State,* 232 Ga. 247, 252 (5) (206 SE2d 12); *Ingram v.*

*State,* 134 Ga. App. 935, 937 (2) (216 SE2d 608)), and does not, of necessity, require a charge on the crime of conspiracy as defined by Code Ann. § 26-3201 (Ga. L. 1968, pp. 1249, 1335 through Ga. L. 1977, p. 601). See *Wisdom v. State,* 234 Ga. 650, 656 (217 SE2d 244).

*Judgment reversed with direction that a new trial be granted. Shulman, P. J., and Carley, J., concur.*

DECIDED JUNE 17, 1982.

*Robert B. Thompson, Daniel J. Sammons,* for appellant.
*Rafe Banks III, District Attorney, George W. Weaver, Assistant District Attorney,* for appellee.