## 65991. MALLORY v. THE STATE.

MCMURRAY, Presiding Judge.

Defendant and a co-defendant were indicted for the offenses of armed robbery and kidnapping. In separate counts both defendants were indicted as recidivists, and the co-defendant was indicted for the offense of possession of a firearm by a convicted felon. A motion for severance was filed and granted and the defendant and co-defendant were tried separately. One of the defendant's defenses was that he was an unwilling accomplice with reference to the entire occurrence which was due solely to the actions and conduct of his

co-defendant. He was convicted and sentenced as to the three counts against him and now appeals. *Held:*

1. Where, in a legal investigation, conversations and similar evidence are facts to explain conduct they are admitted in evidence, not as hearsay, but as original evidence. See OCGA § 24-3-2 (formerly Code § 38-302). During the course of the trial, a detective was allowed to testify as to the facts and circumstances surrounding his investigation of the armed robbery and kidnapping of the service station employee involved here. He related several conversations he had with various police officers and other persons in an effort to learn the identity of the defendant. The state clearly offered the statements given to the detective only to explain his conduct and to ascertain his motives for the arrest of the defendant, and the trial court properly instructed the jury to consider those statements only for that purpose. See *Bennett v. State,* 49 Ga. App. 804 (176 SE 148); *Davis v. State,* 242 Ga. 901, 906 (6) (252 SE2d 443).

However, counsel continued to object to the alleged hearsay of the detective in setting forth his investigation to learn the identity and location of the defendant and co-defendant. The detective had obtained information by talking to a third individual. The detective was then asked what did he do after talking to the third party and learning that the person identified as Mike was with the co-defendant on the morning of the robbery. The detective did not properly respond to the question but injected that this third individual had informed him that on the night of the robbery the co-defendant "had called from Tifton, Georgia, here and told him that him and Mike had robbed an old man in Tifton at a service station and that he had wrecked his car and he wanted him to come after him." Whereupon, counsel moved for mistrial in the absence of the jury contending that these were various out of court statements made by several other individuals not directly involved in this case, that is, hearsay upon hearsay as to what the co-defendant whose trial had been severed had told the third party who in turn told the detective. No objection was made that the answer was not responsive to the question asked but objection was that it also was in violation of Bruton v. United States, 391 U.S. 123 (88 SC 1620, 20 LE2d 476), and *Hamilton v. State,* 162 Ga. App. 620 (1) (292 SE2d 473). During rebuttal the co-defendant was called as a witness and testified against this defendant. The sole enumeration with reference to the motion for mistrial is that the trial court erred in allowing hearsay testimony. This testimony was offered for the avowed purpose of explaining the witness' conduct. This enumeration of error is not meritorious even though it is quite clear that this evidence was injected into the case by the detective and was prejudicial. Nevertheless, the trial court so

instructed the jury that the testimony would be considered not for the truth of the matter stated but only as it may tend to explain the conduct of this witness. In *Bell v. State,* 141 Ga. App. 277 (2) (233 SE2d 253), this court considered a police officer's testimony relevant to a conversation with an informant in which the informant related another conversation which he had overheard, and based on *Lloyd v. State,* 139 Ga. App. 625 (2) (229 SE2d 106); and *Braden v. State,* 135 Ga. App. 827, 829 (3) (219 SE2d 479), and the original evidence law (OCGA § 24-3-2 (Code Ann. § 38-302), supra) it was not error when the court properly instructed the jury as to such testimony. The admission of such evidence was not subject to the objection made. There is no merit in this complaint.

2. Defendant next contends that the trial court erred in failing to instruct the jury on all of the lesser included offenses of armed robbery even though there was a timely written request for such instruction. He contends that the cases of *Lockett v. State,* 153 Ga. App. 569, 570 (1) (266 SE2d 236); and *Huffman v. State,* 153 Ga. App. 203 (2) (265 SE2d 603), require a reversal based upon the written request to charge. First of all, the only request to charge filed in this case was a request that the court charge as to the offense of robbery, that is, by the use of force, intimidation or by sudden snatching. We find no such request as to any lesser included offenses as to armed robbery. Clearly the charge of armed robbery here was based upon the use of an offensive weapon showing the taking of property of another from the person and the immediate presence of another by use of such offensive weapon, a revolver. In *Holcomb v. State,* 230 Ga. 525, 527 (198 SE2d 179), the Supreme Court held robbery by intimidation was a lesser included offense of armed robbery and held it would not be error to fail to charge on robbery by intimidation if the evidence did not *"demand"* a charge on that offense, citing *Smith v. State,* 228 Ga. 293, 294 (185 SE2d 381). In the case sub judice, all the evidence proved the greater offense of armed robbery. Consequently, the trial court did not err in failing to charge on the lesser included offense of robbery by intimidation. See *Clempson v. State,* 144 Ga. App. 625, 626-627 (3) (241 SE2d 495); *Jordan v. State,* 239 Ga. 526, 527 (2) (238 SE2d 69). There is no merit in this complaint.

3. The court did not err in failing to specifically charge the jury on the law of justification and coercion inasmuch as the charge and the evidence as a whole adequately and fairly presented the defendant's theories of the case, that is, that he was only incidentally involved in the commission of the crimes (armed robbery and kidnapping). The defendant's testimony was not that he was coerced into commission of the crime, but that the co-defendant on his own initiative had robbed the victim and forced him into the automobile

and that he (defendant) was at all times attempting to talk the co-defendant out of committing the crime and that he had nothing to do with either the robbery or the kidnapping. We note here that the trial court fully charged that each essential element of the crime must be proven by the state beyond a reasonable doubt; defendant is innocent until proven guilty; the mere presence of the defendant at the scene would not be sufficient to convict; and mere suspicion that he had committed a crime would be insufficient to convict. Consequently, we find no merit in this complaint. We also note that as in *Booker v. State,* 247 Ga. 74 (274 SE2d 334), an affirmative defense need not be specifically charged if the case as a whole is fairly presented to the jury.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED JUNE 6, 1983.

*David J. Kelley,* for appellant.
*Thomas H. Pittman, District Attorney, Robert C. Wilmot, Assistant District Attorney,* for appellee.