## 73508. HOWARD v. THE STATE.
(355 SE2d 772)

BENHAM, Judge.
On August 29, 1985, a jury found appellant guilty of driving

under the influence (OCGA § 40-6-391 (a)); improper driving on the roadway (OCGA § 40-6-40 (a)); and driving too fast for conditions (OCGA § 40-6-180).

1. The State seeks dismissal of the appeal on the ground that appellant's motion for new trial was not timely filed under OCGA § 5-5-40, thereby depriving this court of jurisdiction to entertain this appeal. See *Smith v. Forrester*, 145 Ga. App. 281 (243 SE2d 575) (1978). The trial court in the case at bar entered an order on August 29, 1985, the day the jury returned its verdicts, in which order it "considered, ordered, and adjudged that the defendant is guilty." Appellant's sentence was entered on October 21, 1985, and he filed a motion for new trial ten days later. He filed his notice of appeal within thirty days of the denial of his motion for new trial. Asserting that judgment was entered against appellant on August 29, the State argues that appellant's motion for new trial filed on October 31 was untimely because it was not filed "within 30 days of the entry of the judgment on the verdict . . ." OCGA § 5-5-40 (a). However, the entry of sentence upon a convicted defendant is necessary for a final judgment, from which an appeal may be taken, to be entered. *Pace v. City of Hazlehurst*, 9 Ga. App. 203, 204 (70 SE 967) (1911). See also *Eaves v. State*, 113 Ga. 749 (1) (39 SE 318) (1901); *Easterling v. State*, 11 Ga. App. 134 (1) (74 SE 899) (1912). Inasmuch as appellant's motion for new trial was filed within thirty days after his sentence was entered, it was timely (compare *Stone v. State*, 144 Ga. App. 843 (a) (242 SE2d 749) (1978)), and extended the time within which appellant had to file his appeal to this court. *Smith v. Forrester*, supra. The State's motion to dismiss appellant's appeal is denied.

2. The trial court refused to give a charge on reckless driving submitted by appellant. Appellant cites the refusal as error, contending that reckless driving is an offense factually included, in this case, in driving under the influence. "The uncontradicted evidence showed completion of the greater offense . . . so that the charge on the lesser offense was not required. [Cits.]" *Jordan v. State*, 239 Ga. 526 (2) (238 SE2d 69) (1977). See also *Mallory v. State*, 166 Ga. App. 812 (2) (305 SE2d 656) (1983).

3. Appellant also cites as error the admission into evidence of testimony concerning appellant's refusal to submit to a chemical analysis of his blood after a ruling adverse to the State in a *Jackson-Denno* hearing. Pretermitting a discussion of the application of the holding in *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), to the refusal of appellant to submit to a blood-alcohol test is the fact that appellant failed to object timely to the testimony at trial. Therefore, we cannot consider appellant's contention. *Glisson v. State*, 165 Ga. App. 342 (5) (301 SE2d 62) (1983).

4. The jury found appellant guilty of three misdemeanors: driv-

ing too fast for conditions, improper driving, and driving under the influence of alcohol so as to make him a less safe driver. The trial court imposed a sentence of 18 months upon appellant, with six months to be served in confinement. Appellant argues that driving too fast and improper driving are offenses included within driving under the influence since it was the former conduct which made him a "less safe" driver under the DUI statute. In conjunction with this argument, he maintains his sentence is improper. The State argues that only one of the two included offenses was necessary to prove the "less safe" aspect of DUI and, therefore, one of the included offenses remains as a separate and independent offense. Under the State's theory, appellant was convicted of two misdemeanors and legally sentenced to serve 18 months. However, the jury did not reveal which of the included offenses served as its foundation for finding appellant to have been a less safe driver, and we may not speculate as to the jury's ruminations. See *Barlow v. Veber*, 169 Ga. App. 65 (3) (311 SE2d 501) (1983). Therefore, appellant's convictions for the included offenses must be stricken, and he may not be sentenced for either of the included offenses. *McNabb v. State*, 180 Ga. App. 723 (5) (350 SE2d 314) (1986).

*Judgment affirmed in part and reversed in part. Deen, P. J., and Beasley, J., concur.*

DECIDED MARCH 19, 1987 —
REHEARINGS DENIED MARCH 31, 1987 —

*Rowland R. Castellanos*, for appellant.
*Patrick H. Head, Solicitor, Jane P. Manning, Melodie H. Clayton, Assistant Solicitors*, for appellee.