A89A0329. MUNOZ v. THE STATE.
(380 SE2d 88)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of one count of burglary and two counts of aggravated assault. He appeals from the judgments of conviction and sentences that were entered by the trial court on the jury's guilty verdicts.

1. Appellant enumerates the general grounds. The evidence adduced at trial, construed most strongly in favor of the guilty verdicts, shows the following: Appellant kicked down the door to a mobile home belonging to his ex-wife. He entered and, while wielding a knife, placed his ex-wife and her visitor in reasonable apprehension of immediately receiving a violent injury. A rational trior of fact could reasonably have found from this evidence proof of appellant's guilty beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court did not err in refusing to give a written request to charge on "reckless conduct" as a lesser included offense. See *Wigfall v. State*, 257 Ga. 585, 587 (3) (361 SE2d 376) (1987); *Weaver v. State*, 185 Ga. App. 573 (365 SE2d 130) (1988); *Riley v. State*, 181 Ga. App. 667, 669 (3) (353 SE2d 598) (1987). Compare *Bowers v. State*, 177 Ga. App. 36 (338 SE2d 457) (1985).

3. The trial court's refusal to give a written request to charge on criminal trespass as a lesser included offense is enumerated as error. Under the State's evidence, appellant was guilty of burglary. Appellant did not testify in his own defense. Compare *Huffman v. State*, 153 Ga. App. 203 (2) (265 SE2d 603) (1980). " 'The uncontradicted evidence [thus] showed completion of the greater offense . . . so that the charge on the lesser offense was not required. [Cits.]' [Cits.]" *Howard v. State*, 182 Ga. App. 403, 404 (2) (355 SE2d 772) (1987).

4. The trial court's refusal to give the following written request to charge is enumerated as error: "The lethal character of the instrument allegedly used in making an assault may be, but need not be, inferred from the nature and extent of the injury, if any, inflicted upon the person allegedly attacked."

Even assuming that this refused request states a correct abstract principle of law, it was not adjusted to the evidence in this case. "[T]here are two essential elements [of the crime of aggravated assault]: one, that an assault, as defined in OCGA § 16-5-20, was committed on the victim, and two, that it was aggravated by either an intention to rob (or murder or rape) or use of a deadly weapon. [Cit.] Attempting to commit a violent injury to a person, *or* committing an act which places a person in reasonable apprehension of immediately receiving a violent injury, will satisfy OCGA § 16-5-20." (Emphasis supplied.) *King v. State*, 178 Ga. App. 343, 344 (1) (343 SE2d 401) (1986). According to the allegations of the indictment in this case, appellant had committed the underlying assaults by violating subsection (a) (2), not subsection (a) (1), of OCGA § 16-5-20. Accordingly, it was the victims' reasonable apprehension of receipt of a violent injury from appellant's knife, not appellant's attempt to commit an actual violent injury to their person, that was relevant. See generally *Adsitt v. State*, 248 Ga. 237, 240 (6) (282 SE2d 305) (1981). Since the victims had never actually received a violent injury, the jury's determination of whether the knife was a deadly weapon would obviously have to be based upon factors other than "the nature and extent of the [victims'] injur[ies]. . . ." The trial court did not err in refusing to give the inapplicable charge.

*Judgments affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 16, 1989.

*Kathleen J. Anderson*, for appellant.
*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney*, for appellee.