A90A1465. FLETCHER v. THE STATE.
(397 SE2d 605)

McMURRAY, Presiding Judge.
Defendant was convicted of the offense of aggravated assault. The evidence showed that defendant fired a gun into the victim's home at about 4:00 in the morning on April 22, 1987. Upon the denial of his motion for new trial, defendant appeals. *Held*:

1. Defendant first contends the trial court erred in limiting his cross-examination of a State's witness.

An eyewitness testified that the victim's daughter had been romantically involved with defendant "for about two years" before the shooting and that they had recently separated on bad terms. On cross-examination, defense counsel asked the eyewitness whether the victim's daughter "had had a fight . . ." with another man during the "week" of the shooting incident. The State's attorney objected, arguing that the victim's daughter was not involved in the shooting incident and that her relationship with another man is not relevant to the crime charged. Defense counsel argued relevancy, "suggesting [that the State's] theory of the case involves [the victim's daughter] and her friends — or non-friends or people she has lived with or not lived with." The trial court sustained the State's objection, unable to "see the relevancy of [defendant's line of inquiry] in connection with the testimony given to this point."

Defendant "had the right to a thorough and sifting cross-examination of any witness called against him. OCGA § 24-9-64 (Code Ann. § 38-1705). However, the extent of cross-examination can be curtailed if the inquiry is not relevant or material, and such restriction lies within the discretion of the trial court which will not be disturbed on

appeal unless manifestly abused. *Page v. State*, 159 Ga. App. 344 (283 SE2d 310) (1981); *Hudson v. State*, 137 Ga. App. 439 (224 SE2d 48) (1976)." *Fitzgerald v. State*, 166 Ga. App. 307, 310 (7) (304 SE2d 114). Under the circumstances of the case sub judice, we find no manifest abuse of discretion in the trial court's limitation of defense counsel's cross-examination of the State's eyewitness. This enumeration is without merit.

2. Defendant contends in his second enumeration that the trial court "erred in failing to charge criminal trespass as a lesser included offense of aggravated assault." This contention is without merit.

" 'The uncontradicted evidence showed completion of the greater offense . . . so that the charge on [a] lesser offense was not required. (Cits.)' *Jordan v. State*, 239 Ga. 526 (2) (238 SE2d 69) (1977). See also *Mallory v. State*, 166 Ga. App. 812 (2) (305 SE2d 656) (1983)." *Howard v. State*, 182 Ga. App. 403, 404 (2) (355 SE2d 772).

3. In his third enumeration, defendant challenges the emphasized portion of the following jury instruction: "Now, ladies and gentlemen, you will also be considering or will be authorized to consider what is termed a lesser included offense, that of reckless conduct, and I will get into the definition of that in just a second. *But with regards to the offense of reckless conduct, as [the State's attorney] has stated, this is a misdemeanor. It is different from an aggravated assault. Aggravated assault is a felony.*" (Emphasis supplied.)

Defendant contends "[t]he trial court should not have made a distinction to the jury with regards to the indicted charge being a felony and the lesser included offense being a misdemeanor," arguing that "such comment, involved the jury in sentencing decisions and thus tainted the verdict, in violation of [his] due process rights." This argument is without merit. We find nothing in the emphasized language of the above charge which pertains to possible sentences for the crime charged. Compare, "*Mayo v. State*, 139 Ga. App. 520 (1) (229 SE2d 16), wherein it was held: 'It is error to instruct the jury as to a possible sentence in a felony case before the jury has determined the question of guilt or innocence. *Ford v. State*, 232 Ga. 511, 518 (14) (207 SE2d 494); *Moore v. State*, 228 Ga. 662, 665 (5) (187 SE2d 277); *Harris v. State*, 234 Ga. 871, 873 (218 SE2d 583).' Accord, *Hill v. State*, 144 Ga. App. 259 (2) (241 SE2d 44); *Evans v. State*, 146 Ga. App. 480 (2) (246 SE2d 482)." *Lewis v. State*, 158 Ga. App. 575 (281 SE2d 318).

Defendant further contends that, "[b]y quoting the prosecutor directly and approvingly, the Trial Court impermissibly prejudiced the jury and intimated its approval to the State's view of the case and the State's expertise, in violation of [OCGA § 17-8-57] and of [his] rights to due process. . . ."

OCGA § 17-8-57 provides, in pertinent part, as follows: "It is er-

ror for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused." This Code section "is only violated when the court's charge assumes certain things as facts and intimates to the jury what the judge believes the evidence to be. *Mitchell v. State*, [190 Ga. 571, 572 (3) (9 SE2d 892)]; *Buffington v. State*, [171 Ga. App. 919, 923 (8) (321 SE2d 418)]." *Mullinax v. State*, 255 Ga. 442, 445 (4) (339 SE2d 704).

In the case sub judice, we find no violation of OCGA § 17-8-57. The trial court's affirmative reference to the State's attorney's comment regarding reckless conduct as a misdemeanor in no way assumed certain things as facts or intimated what the trial court believed the facts to be. This enumeration is without merit.

4. Finally, defendant challenges the sufficiency of the evidence.

The victim's son testified that he witnessed defendant shoot into the victim's home. This evidence was sufficient to enable the jury to find beyond a reasonable doubt that defendant was guilty of aggravated assault. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), and *Munoz v. State*, 190 Ga. App. 806 (1) (380 SE2d 88).

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 28, 1990.

*Lindsey & Jacobs, Tamara Jacobs*, for appellant.
*W. Fletcher Sams, District Attorney*, for appellee.