A05A1184. QUINTANA-CAMPORREDONDO v. THE STATE.
(622 SE2d 66)

ADAMS, Judge.

Johan Andres Quintana-Camporredondo appeals his conviction and sentence of aggravated battery and criminal trespass. In his sole enumeration of error, he contends the trial court made a reversible error responding to a question from the jury while it was deliberating.

Evidence presented at trial shows that the appellant pointed a handgun at Luis Suarez in a threatening manner while Suarez was sitting in a car, then the appellant hit him in the eye with the

handgun. Suarez received eight stitches for the wound near his eye. Suarez also heard a sound that made him think that he might have been shot, and he ran into a nearby store. Other testimony showed that the sound he heard was the car window being broken by a co-defendant. The damage to the car was the basis for the criminal trespass charge. In addition to aggravated battery and criminal trespass, the appellant was charged with aggravated assault and possession of a firearm during the commission of a felony (the aggravated assault), but he was acquitted of these additional charges.

At the appellant's request, the court charged the jury on the lesser included offenses of battery and simple battery as they relate to aggravated battery. During jury deliberations, the jury submitted the following question to the court: "Is simple battery a felony? Battery a felony? Aggravated Battery a felony?" Before consulting with the attorneys, the judge sent the note back marked "no" or "yes" next to each question. The judge addressed the parties thereafter:

> I have sent them a note back that says simple battery is not a felony; that battery is not a felony because none of the circumstances that would make battery a felony, I don't believe, are present in this case; and that aggravated battery is a felony.

Counsel for appellant did not object or otherwise respond to the court's statement or raise the issue in his motion for new trial. He contends that the issue is preserved for appeal because earlier, following the court's charge to the jury, he had reserved the right to raise objections to the charge on appeal.

1. The issue has not been waived. In general, the appellant's "failure to object to the trial court's reply to the jury's questions waives any claim of error relating thereto." *Parnell v. State*, 260 Ga. App. 213, 220 (9) (581 SE2d 263) (2003). See also *Cummings v. State*, 272 Ga. App. 886, 889 (614 SE2d 121) (2005).[1] And, "a general reservation to a trial court's jury charge does not thereafter relieve counsel from preserving objection to the court's later interaction with the jury on matters unrelated to the court's charge." *Parnell*, 260 Ga. App. at 220.

But here, even the judge thought that the jury's question was related to his earlier charges. The judge had charged the jury that the firearm possession offense would apply to "any crime" that is a felony, as follows:

---

[1] Cf. *Fuller v. State*, 277 Ga. 505, 507 (591 SE2d 782) (2004) (a defendant may even waive his right to be present during a communication between the judge and a deliberating jury).

> A person commits the offense of possession of a firearm during the commission of a felony when that person has on his person a firearm during the commission of any crime against the person of another and which crime is a felony.

He indicated in colloquy that he thought the jury's question was relevant to the firearm count: "I think there's a logical reason why they're asking. They're asking because of the gun charge, which requires a felony." Although the judge was incorrect on this point — the firearm count was specifically related only to the count of aggravated assault — there is enough of a link between the jury question and the earlier jury charge to avoid a waiver of this issue for appeal.

2. Nevertheless, we find no error. " 'It is improper for the court to give any instruction to the jury concerning possible sentences in a felony case before the jury has determined the question of guilt or innocence. [Cits.]' *Ford v. State*, 232 Ga. 511 (14) (207 SE2d 494) (1974)." *Bellamy v. State*, 272 Ga. 157, 159 (4) (527 SE2d 867) (2000). In that regard, in cases where such a situation exists, a court should avoid referring to a lesser included offense as a misdemeanor and the charged offense as a felony, although providing that information is not always improper. *Gillison v. State*, 254 Ga. App. 232, 233-234 (3) (561 SE2d 879) (2002). See also *Johnson v. State*, 261 Ga. 236, 239-240 (5) (404 SE2d 108) (1991). So long as the court does not relate anything to the jury about possible sentences for the crimes charged, there is no error; and the use of the terms "felony" and "misdemeanor," standing alone, does not amount to such an error. *Fletcher v. State*, 197 Ga. App. 112, 113 (3) (397 SE2d 605) (1990), cited with approval in *Bellamy*, 272 Ga. at 159 (4).

In *Fletcher*, the court instructed the jury that the lesser included offense was a misdemeanor, whereas the primary charge was a felony, and the defendant was convicted of the felony. 197 Ga. App. at 113 (3). Nevertheless, this court held, "We find nothing in the emphasized language of the above charge which pertains to possible sentences for the crime charged." Id. The same is true here, although the jury asked for the classification of the offenses, the court only responded with simple yes-or-no answers and did not discuss possible sentences. And the court had earlier charged the jury, "you are concerned with the guilt or innocence of the defendant, and you're not to concern yourselves with any punishment."

Furthermore, the relative severity of punishment for battery, simple battery, and aggravated battery was already clearly implied when battery and simple battery were described as lesser included offenses of aggravated battery. See *Gillison*, 254 Ga. App. at 234 (3). "To reverse because the judge labeled one crime a 'misdemeanor'

when the jury knew that it was a 'lesser offense' . . . would be to ignore the obvious." (Citations and punctuation omitted.) Id.

*Green v. State*, 206 Ga. App. 539 (426 SE2d 65) (1992), is distinguishable. In that case, "the court expressly made [the jury] aware of the meaning of the classification by connecting it to consideration of punishment." Id. at 542 (2).

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 14, 2005.

*Bernard S. Brody*, for appellant.

*Daniel J. Porter, District Attorney, Niria D. Baggett, Assistant District Attorney*, for appellee.