## 70332. CATER v. THE STATE.

(336 SE2d 314)

BEASLEY, Judge.

Cater was indicted for and convicted by a jury of the offense of aggravated assault. He appeals from the denial of his motion for new trial. We affirm.

Appellant's sole enumeration of error is the assertion that the trial court committed reversible error in its charge to the jury on simple battery by stating that it was a misdemeanor.

Appellant was charged with making an assault with intent to rape (OCGA § 16-5-21 (a) (1)). Pursuant to defense request, the court also charged the jury on the statutory elements of the offense of simple battery, (OCGA § 16-5-23) and added, "[T]his would be a misdemeanor." The court did not inform the jury of the possible punishments for either offense.

Cater contends that knowledge of punishment attendant a conviction for simple battery influenced the jurors' decision to convict him of aggravated assault, for he posits that lay persons are, in general, well aware of the distinction in severity of sentence for criminal offenses classed as felonies in contrast to those which are classed as misdemeanors.

Although the characterization should not have been made, the court's instructions to the jury must be considered as a whole to determine whether there was reversible error. *Cooper v. State*, 167 Ga. App. 440, 441 (306 SE2d 709) (1983). It appears that the court's objected-to statement neither defined nor elaborated upon the term "misdemeanor." Nor did the court indicate that the charged offense was a "felony" or carried the potential for more serious punishment. To surmise that the jury knew the significance of classification of offenses for the purpose of punishment and further that such knowledge influenced their verdict is merely speculative. Moreover, it is an equally if not more compelling argument that a jury might discern possible differences in degree of punishment for the crimes by just hearing, the names of the two offenses, i.e., "simple" battery as opposed to "aggravated" assault; yet our legislature must give the various criminal acts some denomination and reason mandates that such labels bear logical relationships to the seriousness of the acts themselves. Furthermore, simple battery was being charged here as a

"lesser included" offense of aggravated assault, and the jury was so informed without objection. Thus, the relative severity of punishment was already clearly implied, as a matter of common sense. To reverse because the judge labeled one crime a "misdemeanor" when the jury knew that it was a "lesser offense" and that it was "simple" as opposed to "aggravated" would be to ignore the obvious.

Finally, implicit in appellant's position is the notion that the jury believed he was guilty only of simple battery but that it returned a verdict of aggravated assault merely for the purpose of exposing him to greater punishment. However, appellant does not deny that he hit the victim — nor is there any dispute that following the encounter with Cater, the victim's clothes showed they were torn and caked with food from inside the van the two had occupied, that the victim sustained cuts, and that her eyes were badly bruised and swollen shut. Cater was charged with aggravated assault by making the assault with the intent to rape (OCGA § 16-5-21 (a) (1)). Although Cater's defense was that there was no intent to rape, i.e., that the sexual aspect of the encounter was with the full consent of the victim and that he hit the victim only after she took some money from him, the victim's testimony supported the allegation of the intent to commit rape. Under the evidence presented at trial, then, the jury was authorized to consider defendant's culpability in regard to the charge of aggravated assault. There is nothing in the record to demonstrate that the jury's verdict of guilty was impermissibly based on a consideration of punishment rather than on a consideration of the elements of the offense of aggravated assault.

The error must be deemed harmless inasmuch as it is highly probable that it did not contribute to the judgment. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869) (1976); *Vaughn v. State,* 173 Ga. App. 716, 719 (8) (327 SE2d 747) (1985).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 10, 1985.

*Elaine M. Gordon,* for appellant.
*Robert E. Wilson, District Attorney, Susan Brooks, Brian S. Goldstein, Thomas S. Clegg, Assistant District Attorneys,* for appellee.