76436. IN THE INTEREST OF F. E. B.
(373 SE2d 72)

BENHAM, Judge.

The trial court found appellant, a 15-year-old boy, to be delinquent for possessing less than one ounce of marijuana. He appeals to this court claiming that the admissible evidence against him was insufficient to support the judgment of delinquency. We agree and reverse.

The evidence showed that a confidential informant told police officers that they would find appellant in possession of marijuana at a certain address. The investigating officers obtained a search warrant for that address, which proved to be the home of appellant, his 17-

year-old brother, and their parents. When the officers executed the search warrant, only appellant and his brother were home. The officers' search of the home produced no admissible evidence of marijuana possession. The officers also searched a white Grand Am automobile that was parked in the yard of the house. The automobile had been identified by the confidential informant as the one that appellant drove. The officers found four marijuana "roaches" in the console ashtray of the vehicle, which was registered in appellant's mother's name. They also found a pair of hemostats in the door and a stone marijuana smoking pipe in the glove compartment. According to the officer who testified, when the officer asked appellant who drove the car, he said that he drove it and that his brother did not. When appellant took the stand in his own behalf, he said that he was 15 years old and had a learner's license to drive; and that he could not and did not drive his mother's Grand Am by himself, but had his mother in the car with him whenever he drove it. He further testified that his brother drove the Grand Am, and no one had use of it besides his brother; and that as far as he knew, the contents of the car belonged to his brother, and not to him. He also said that the Grand Am was a stick shift and that the first time that he had driven a stick shift was "last Sunday" when his father gave him some driving lessons in a stick shift vehicle.

The rule of law in *Fears v. State*, 169 Ga. App. 172 (1) (312 SE2d 174) (1983), applies to this case. *"In the absence of any circumstances to the contrary*, a presumption arises from proof of ownership and control of premises, an automobile, or other property that the owner is in control and possession of contraband found therein. [Cits.] This rule is equally applicable to an automobile in which the accused is only the driver or in possession of the vehicle. [Cits.] As to automobiles, the rule does not apply where there is evidence in the case that the defendant has not been in possession of the vehicle for a period of time prior to the discovery of the contraband or that others have had access to it." [Cits.] . . . [In other words,] "merely finding contraband in a car occupied by defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime." [Cits.] . . . *"If the only evidence of possession* of contraband found in an automobile *is that the defendant is the owner, the driver, or is in possession* of the vehicle, *and there is evidence of prior use* of the vehicle by other parties in the recent past, *or equal access* to the accessible portions of the vehicle by other parties, then [the] *prior possession or equal access rule would demand an acquittal.* However, if there is additional evidence of possession of contraband by the accused — either circumstantial or direct, other than mere ownership, use or possession of the vehicle, then an issue is

made for the [factfinder]. . . ." Id. at 173.

In the case before us, appellant was not the owner of the automobile, nor was he in control or possession of it at the time the contraband was found. He denied ownership of the contraband and there was no additional admissible evidence, direct or circumstantial, of possession of contraband by appellant. It is clear from the testimony that the other members of his family had equal access to the vehicle, and there was no testimony offered to show that appellant was the last person to have used the vehicle prior to the discovery of the contraband. Under these circumstances, the equal access rule demanded an acquittal, there being no issue for the finder of fact. Compare *Benson v. State*, 172 Ga. App. 135 (322 SE2d 339) (1984).

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 13, 1988.

*Jesse W. Walters*, for appellant.
*Robert H. Revell, Jr.*, for appellee.