A92A1475. GREEN v. THE STATE.
(426 SE2d 65)

BEASLEY, Judge.

Green was indicted on five counts of child molestation. OCGA § 16-6-4 (a). He was convicted of three counts of the lesser offense of sexual battery, OCGA § 16-6-22.1, and was acquitted of two counts. This appeal follows the denial of his amended motion for new trial.

Appellant is the uncle of three girls, who at the time of trial were nine, eleven and twelve years old. In December 1990, after viewing a film at school concerning child molestation, the 11-year-old asked to speak with the school counselor to whom she reported that her uncle (appellant) had improperly touched her on the breasts and legs. She also stated that appellant had acted in the same manner with her nine-year-old sister. The counselor spoke with the nine-year-old who

reported that about a year earlier, appellant had "touched her on the top and on the legs." The counselor so informed the children's mother who requested that the counselor also speak with her 12-year-old daughter. That child too reported that appellant had touched her on the breasts and legs. All three children reported that the incidents had occurred at appellant's home. The three children each related the same incidents to their mother. Although the 12-year-old was initially reluctant to talk about the events, she ultimately disclosed that appellant had put his mouth on her breasts and made her touch his "private parts." These events occurred at his home and at a processing plant where he did janitorial work. The police were notified.

At the request of the investigating officer, a caseworker with the Dade County Department of Family & Children Services conducted videotaped interviews with each of the three children. Their accounts of the incidents were materially consistent with the information previously given to the counselor and to their mother. Each reported that the incidents took place during a period of time when the children and their mother were living with appellant and his wife, although that time frame was unspecified by the evidence. In addition, the oldest child reported that appellant had threatened to hurt her and her sisters if she reported the misconduct. The children were shown anatomical drawings and asked to mark the areas where they had been touched. Their markings were consistent with their verbal descriptions. The 12-year-old testified that the events occurred about a year prior to the trial date of November 1991. The 11-year-old placed the incident at Christmas time and stated that she reported it to the counselor after viewing the film at school. The counselor confirmed that she received the report in December 1990. Venue was properly established in Dade County.

1. Appellant contends that the trial court erred in denying his motion for a directed verdict of acquittal.

The three offenses for which he was convicted were indicted on October 15, 1991, as follows: Count 1 charged that on or about October 31, 1990, appellant fondled the breasts of the 12-year-old child. Count 5 charged that on or about the same date, he placed his lips on the breasts of that child. Count 2 charged that on or about December 7, 1990, he fondled the breasts of the 11-year-old.

" 'In proving the time of the commission of an offense the State is not, as a general rule, restricted to proof of the date alleged in the indictment, but is permitted to prove its commission on any date within the statute of limitations.' [Cits.] Where, however, the indictment specifically alleges the date of the offense is material, the accused may be convicted only if the State's proof corresponds to the date alleged. [Cit.]" *Ledesma v. State*, 251 Ga. 885 (1) (a) (311 SE2d 427) (1984). As in *Ledesma*, "[t]he indictment in this case did not

allege the dates of the offense were material." Id. at 886. See also *Burnett v. State*, 202 Ga. App. 563, 564 (2) (415 SE2d 43) (1992); *Keri v. State*, 179 Ga. App. 664, 668 (3) (347 SE2d 236) (1986).

The proof was sufficient to survive a motion for directed verdict and to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the offenses for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. After an hour of deliberations, the jury returned with a question. The foreman stated: "The question was on sexual battery being a lesser charge, was it a felony, sexual battery considered a felony, that's what some of them wanted to know?" Recognizing that the jury could not consider punishment in reaching its verdict, the court properly responded, "that's a matter that does not concern the jury."

Deliberations resumed for an additional three hours at which time the jury asked to be excused for the night. One hour into the morning deliberations, the foreman informed the court that although they had agreed on one count, the jury was deadlocked ten to two on the remaining four counts. Without any apparent consultation with counsel, the court gave additional instructions as follows: "[L]adies and gentlemen of the jury, you asked a question yesterday about . . . what is sexual battery. . . . a felony or a misdemeanor? . . . You are not to concern yourselves with anything concerning punishment. But to answer that question, and for that purpose only, sexual battery is a misdemeanor . . . it is not a felony. Now, having said that, let me give you some more instructions." What followed was an *Allen*-type charge culminating with a request "to make every possible effort to reach a verdict."

The verdict was received approximately one hour later, finding defendant guilty of the lesser-included misdemeanor on three counts and not guilty on the other two counts. Before it made inquiry, it had been deadlocked on four of the five counts. (We note that the verdict as published by the clerk of court was stated incorrectly. It announced appellant's guilt *as charged* on Counts 1, 2 and 5 of the felony indictment. A subsequent poll was conducted during which each juror individually affirmed the erroneous verdict. The trial court perceived the error just as the jury was about to be disbursed. The foreman confirmed that the three convictions were for the lesser offense of sexual battery.)

The trial court erred in instructing the jury of the misdemeanor rating of sexual battery. *Johnson v. State*, 261 Ga. 236, 239 (5) (404 SE2d 108) (1991); *Cater v. State*, 176 Ga. App. 388 (336 SE2d 314) (1985). Although in both *Cater* and *Johnson*, the error was deemed harmless because it was highly probable that it did not contribute to the judgment, we are unable to reach the same conclusion here.

The jury here obviously found insufficient proof of the elements

of child molestation, and after five hours of deliberation, it was dead-locked on the lesser offense. Unlike in *Cater* and *Johnson, the jury* initiated the request for information concerning whether both offenses under consideration were equal in terms of their felony classification. The trial court understood the impermissible basis for the question, initially refusing to answer it. On the following day, it nevertheless supplied the jury with the requested information. Although it qualified the reinstruction with the caveat that they were not to be concerned with "punishment," that language itself confirmed the connection between felony and misdemeanor ratings as affecting punishment. To conclude that the jury thereafter disregarded any consideration of punishment, when it was involved in the very question which prevented their arriving at a verdict, ignores reality. Supplying them with the requested information, followed by an extensive *Allen*-type instruction, introduced an impermissible factor into the deliberations.

The only plausible motivation for their inquiry under these circumstances was to discern the differences in the severity of punishment. Why else would they be intent on knowing the classification of sexual battery, the offenses which they thereafter chose to find appellant guilty of rather than the felony offense charged, if not to ascertain whether it carried greater punishment? Although intending the opposite result, the court expressly made them aware of the meaning of the classification by connecting it to consideration of punishment. We are constrained to conclude that the jury's verdict of guilty was impermissibly affected by a consideration of punishment, *Cater* at 389, in this case. The jury was choosing between and among verdicts of guilty of the molestation, guilty of sexual battery, and not guilty. They did so only after they learned that sexual battery was punishable as a misdemeanor rather than as a felony.

Thus, we cannot say "that it is 'highly probable that the [erroneous instruction] did not contribute to the judgment.' [Cit.]" *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

The outcome in this case differs from *Johnson*, supra, 261 Ga. 236, where the trial court's designation of one form of involuntary manslaughter as "felony" and the other as "misdemeanor" was deemed harmless because the defendant was convicted of felony murder. That case is also distinguishable because the trial court did not mention punishment.

*Cater*, supra, is different from the instant case factually for the same reason. In addition, in *Cater* there was no inquiry concerning the distinction and it was obvious by legislative designation that "simple battery" was a less serious offense than "aggravated battery."

In *Fletcher v. State*, 197 Ga. App. 112, 113 (3) (397 SE2d 605) (1990), which preceded *Johnson*, supra, 261 Ga. 236, the distinction between reckless conduct as a misdemeanor and aggravated assault as

a felony was contained in the initial instruction as a repetition of what the state's attorney had said without objection. It was given no further emphasis by the court, the jury made no inquiry about it, and it was not connected to punishment.

3. We do not reach appellant's remaining enumerations of error as they are unlikely to recur on retrial.

*Judgment reversed. Sognier, C. J., Carley, P. J., Cooper and Johnson, JJ., concur. McMurray, P. J., Birdsong, P. J., Pope and Andrews, JJ., dissent.*

ANDREWS, Judge, dissenting.

I must respectfully dissent inasmuch as I believe *Cater v. State*, 176 Ga. App. 388 (336 SE2d 314) (1985), and *Fletcher v. State*, 197 Ga. App. 112 (397 SE2d 605) (1990), are controlling and require that the conviction be affirmed.

As we held in *Cater*, supra at 388-389: "It appears that the court's objected-to statement neither defined nor elaborated upon the term 'misdemeanor.' Nor did the court indicate that the charged offense was a 'felony' or carried the potential for more serious punishment. To surmise that the jury knew the significance of classification of offenses for the purpose of punishment and further that such knowledge influenced their verdict is merely speculative. . . . Furthermore, [sexual battery] was being charged here as a 'lesser included' offense of [child molestation], and the jury was so informed without objection. Thus, the relative severity of punishment was already clearly implied, as a matter of common sense. To reverse because the judge labeled one crime a 'misdemeanor' when the jury knew it was a 'lesser offense' . . . would be to ignore the obvious."

Moreover, in *Fletcher v. State*, supra, where the defendant was convicted of the offense of aggravated assault, we rejected a defense claim that the following charge instructed the jury on sentencing matters and required reversal: " 'Now, ladies and gentlemen, you will also be considering or will be authorized to consider what is termed a lesser included offense, that of reckless conduct, and I will get into the definition of that in just a second. *But with regards to the offense of reckless conduct, as (the State's attorney) has stated, this is a misdemeanor. It is different from an aggravated assault. Aggravated assault is a felony.*' " (Emphasis in original.) Id. at 113. While recognizing that it is error to instruct the jury as to sentencing matters, we found "nothing in the emphasized language of the above charge which pertains to possible sentences for the crime charged." Id. at 113. Similarly, the charge given in the present case did not instruct the jury as to sentences, and it is speculative to assume it influenced the jury to consider sentencing matters in reaching the verdict.

The majority speculates that the charge in the present case

caused the jury's verdict to be influenced by sentencing matters primarily because the jury asked about the classification and they were able to reach a verdict shortly after the court's response. I believe *Cater* and *Fletcher*, supra, require that we hold otherwise. See also *Johnson v. State*, 261 Ga. 236, 240, n. 5 (404 SE2d 108) (1991).

I am authorized to state that Presiding Judge McMurray, Presiding Judge Birdsong, and Judge Pope join in this dissent.

DECIDED DECEMBER 1, 1992.

*Franklin & Franklin, James D. Franklin*, for appellant.

*Ralph L. Van Pelt, Jr.*, District Attorney, *Mary Jane R. Palumbo*, Assistant District Attorney, for appellee.