## A94A1437. FREEMAN v. THE STATE.
### (448 SE2d 465)

ANDREWS, Judge.

John B. Freeman was indicted for the malice murder of his wife, Gail Elaine Freeman. A jury found him guilty of the lesser included offense of voluntary manslaughter.

The State presented evidence that in the course of a domestic dispute between Freeman and his wife, in which both parties were armed with knives, Freeman overpowered and disarmed his wife, then fatally stabbed her. Freeman, who suffered stab wounds inflicted by his wife during the dispute, claimed he did not stab his wife and that the fatal wound was accidental.

1. In his first three enumerations of error, Freeman claims the trial court erroneously allowed the jury to consider matters relating to sentencing by charging the jury that he could receive misdemeanor punishment of twelve months confinement for the lesser included offense of involuntary manslaughter and that the trial court's charge on the offense of involuntary manslaughter improperly reduced the grav-

ity of that offense. Implicit in Freeman's argument is the assumption that the jury returned a verdict of voluntary manslaughter because it believed the punishment for that offense was more severe than the punishment for involuntary manslaughter and the jury chose to inflict a more severe punishment.

After instructing the jury on the lesser included offense of voluntary manslaughter, the trial court also instructed the jury that they could consider involuntary manslaughter as a lesser included offense of malice murder. In giving its charge, the court informed the jury that Freeman could be found guilty of involuntary manslaughter if they found he unintentionally caused his wife's death by the commission of a misdemeanor. The trial court informed the jury that this grade of involuntary manslaughter was a felony offense. See OCGA § 16-5-3 (a). In connection with its charge on involuntary manslaughter, the trial court also defined a misdemeanor as an offense which carries a penalty of up to 12 months and stated that simple battery, such as unlawful touching or striking of another person, and simple assault, would fall into the category of misdemeanors.

Contrary to Freeman's contention, the trial court did not instruct the jury that he would be punished for a misdemeanor if convicted of involuntary manslaughter. Rather, the trial court told the jury that involuntary manslaughter was a felony offense. The instruction on misdemeanor punishment was not related to any punishment Freeman might receive upon conviction for involuntary manslaughter but was included as part of the trial court's definition of misdemeanor as the type of "unlawful act other than a felony" set forth as an element of involuntary manslaughter under OCGA § 16-5-3 (a).

Although Freeman does not raise the point, the trial court should not have characterized the offense of involuntary manslaughter as a felony, a matter related to punishment. See *Johnson v. State*, 261 Ga. 236, 239 (404 SE2d 108) (1991); *Cater v. State*, 176 Ga. App. 388 (336 SE2d 314) (1985). Even though the charge defining a misdemeanor was not related to a punishment which Freeman could have received, it served no proper purpose to inform the jury of the punishment for a misdemeanor.

Nevertheless, any such error was harmless in this case. Even if the evidence had supported the trial court's charge on the lesser included offense of involuntary manslaughter, nothing in the charge instructed the jury as to possible sentences which could have been imposed on Freeman or influenced the jury to consider sentencing matters in reaching a verdict. *Fletcher v. State*, 197 Ga. App. 112, 113 (397 SE2d 605) (1990); compare *Green v. State*, 206 Ga. App. 539, 541-544 (426 SE2d 65) (1992). "There is nothing in the record to demonstrate that the jury's verdict of guilty was impermissibly based on a consideration of punishment rather than on a consideration of

the elements of the offense of [voluntary manslaughter]." *Cater*, supra at 389.

Moreover, even if the trial court's charge discouraged the jury from reaching a verdict of guilty of involuntary manslaughter, as Freeman contends, he could not have been harmed because the jury should not have been allowed to consider this offense. The evidence showed that Freeman's wife was stabbed to death with a knife, a deadly weapon. Any unlawful action taken by Freeman which caused her death could only have been an aggravated assault, a felony, not a misdemeanor such as simple battery. Thus, Freeman was not entitled to a charge on involuntary manslaughter allowing the jury to consider whether he unintentionally caused his wife's death by the commission of a misdemeanor. *Lolley v. State*, 259 Ga. 605, 607 (385 SE2d 285) (1989).

2. Prior to trial, the State gave notice of its intention to introduce evidence showing prior difficulties between Freeman and the victim. Evidence of prior difficulties between the accused and the victim is subject to the same rules governing the admission of similar crimes. *Stewart v. State*, 263 Ga. 843, 844 (440 SE2d 452) (1994); *Bohannon v. State*, 208 Ga. App. 576, 579 (431 SE2d 149) (1993). "Before evidence of prior difficulties or quarrels, even those occurring recently, may be presented at trial, the trial court must conduct a hearing pursuant to USCR 31.3 (B), and determine, as to each prior difficulty, that (1) there is sufficient evidence that the prior difficulty occurred; (2) that the evidence is offered for an appropriate purpose; and (3) that there is a sufficient probative connection between the crime charged and the prior difficulty to justify admission of the prior difficulty into evidence." *Stewart*, supra at 844-845. The trial court conducted the requisite hearing prior to the trial, ruled that two prior acts were admissible, and the State introduced evidence that Freeman had assaulted his wife in domestic disputes on two previous occasions, one occurring about six months prior and the other a few days prior, to the fatal assault.

In his fourth enumeration of error, Freeman claims that, in charging the jury after the close of evidence in the case, the trial court failed to properly instruct the jury as to the limited scope for which the prior difficulties' evidence could be considered. Contrary to Freeman's contention, the trial court gave a limiting instruction as to such evidence during the trial. We find the trial court's instructions were sufficient to inform the jury as to the purpose of the evidence. Moreover, in the absence of any request for a limiting instruction, there was no error. *Thomas v. State*, 199 Ga. App. 49, 50-51 (404 SE2d 315) (1991).

In his fifth and sixth enumerations of error, Freeman contends the trial court failed to make all the specific determinations necessary

for admission of the prior difficulties' evidence and that the State failed to show a proper purpose for admission of the prior acts. Even if the trial court did not specifically determine on the record that each of the requirements under USCR 31 was satisfied, "we find no harmful error [because] the evidence presented by the State at the [pre-trial] hearing was sufficient for the trial court to have concluded affirmatively on the record that each of the requirements . . . had been satisfied." (Citations and punctuation omitted.) *Morales v. State*, 210 Ga. App. 414, 416 (436 SE2d 528) (1993). There was evidence sufficient to show: (1) the prior acts of domestic violence which occurred between Freeman and the victim; (2) that the prior acts were offered to demonstrate that the crime charged was not committed accidentally, as Freeman contended, and (3) that there was a sufficient connection or similarity between the prior acts and the charged crime, so that proof of the former tended to prove the latter. *Barrett v. State*, 263 Ga. 533, 534-535 (436 SE2d 480) (1993); *Bohannon*, supra at 579-580.

*Judgment affirmed. Beasley, P. J., and Johnson, J., concur.*

DECIDED AUGUST 15, 1994.

*Richard A. Grossman*, for appellant.

*Lewis R. Slaton, District Attorney, Henry Newkirk, Barry I. Mortge, Assistant District Attorneys*, for appellee.