A97A2007, A97A2008. JENNINGS v. THE STATE (two cases).
(497 SE2d 13)

McMURRAY, Presiding Judge.

Defendant was indicted for burglary and aggravated assault. Both charges arise from an incident of domestic violence involving defendant's former girl friend, Suzanne Estep. Defendant allegedly burglarized Estep's home and then struck her guest, David Parson. Defendant filed these appeals after the denial of his former jeopardy plea and his conviction for the aggravated assault. We affirm both judgments as defendant was not placed in jeopardy by proof of the crimes charged during a prior jury trial under an indictment charging him with other criminal offenses, because defendant waived his right to a jury trial within the original time prescribed by OCGA § 17-7-170 (b), and because the trial court did not err in admitting evidence that defendant committed criminal acts during other domestic violence episodes with Estep.

Defendant was indicted in the Clayton County Superior Court on

March 27, 1996, during the February 1996 term of court.[1] On April 16, 1996, during the same court term, defendant filed a demand for trial pursuant to OCGA § 17-7-170 (b). This demand bears the case number of the indictment charging defendant with the above offenses, as well as the case number of another Clayton County Superior Court indictment ("the related indictment") charging defendant with burglary, terroristic threats and criminal damage to property in the second degree. Although both indictments were entered on March 27, 1996, each is based on separate incidents of domestic strife involving defendant and Estep.

On July 15, 1996, during the term of court following defendant's demand for trial (the May 1996 term), defendant was tried before a jury on crimes alleged in the related indictment. The evidence adduced at this trial reveals that defendant entered Estep's home on July 2, 1995, poured paint on her property, and wrote offensive messages on her home's walls and floor. The State also proved that defendant returned to Estep's home five days later and assaulted her guest, David Parson. This incident (which is the basis of the crime at issue in the case sub judice) was admitted into evidence as a similar criminal act or occurrence. The jury found defendant guilty under the related indictment of the lesser included offense of criminal trespass.[2] Defendant was acquitted of the other offenses charged in the related indictment.

The trial court called the case sub judice to trial (on July 18, 1996) during the May 1996 term of court, the last term before expiration of the time required to try defendant under his OCGA § 17-7-170 (a) demand for trial. Defendant announced ready but also moved to postpone trial so that he could press a double jeopardy plea based on a claim that jeopardy attached when the State proved that he committed the crimes charged in the case sub judice during his trial on the charges in the related indictment. Because less than two weeks remained before expiration of the court term, the trial court warned defendant that such a postponement would forfeit the possibility of a jury trial within the 12 days remaining in the term of court. Defendant, nonetheless, pressed for postponement (which the trial court granted), filed a plea of former jeopardy and requested an evidentiary hearing on this plea. After conducting a hearing on defendant's former jeopardy plea two court terms later (on November 12, 1996), the trial court denied defendant's double jeopardy plea and called the case sub judice to trial.

The evidence adduced at trial reveals that defendant entered

---

[1] The terms of the Clayton County Superior Court commence on the first Monday in February, May, August, and November. OCGA § 15-6-3 (10).

[2] This conviction was affirmed in *Jennings v. State*, 226 Ga. App. 461 (486 SE2d 693).

Estep's home on the morning of July 7, 1995, and struck Parson with a flashlight. The State also introduced evidence that defendant committed other offenses during domestic disputes with Estep on June 15, 1995, July 2, 1995, and September 27, 1995. The jury found defendant not guilty of burglary but guilty of aggravated assault.

In Case No. A97A2007, defendant appeals from the denial of his former jeopardy plea and in Case No. A97A2008, defendant appeals from his aggravated assault conviction. *Held*:

### *Case No. A97A2007*

1. The trial court did not err in denying defendant's double jeopardy plea because defendant was not placed in jeopardy by proof that he committed the crimes charged in the case sub judice during the jury trial under the related indictment charging defendant with criminal offenses which allegedly occurred during a prior domestic violence incident. *Loden v. State*, 199 Ga. App. 683, 689 (6) (406 SE2d 103). See Daniel, Ga. Criminal Trial Practice (1990 ed.), p. 380, § 14-26.

### *Case No. A97A2008*

2. Defendant contends the trial court lacked jurisdiction to try him for the crimes charged, arguing that he was automatically discharged and acquitted of these offenses under OCGA § 17-7-170 (b) upon expiration of the May 1996 term of court. This contention is without merit. Defendant waived his right to be tried before expiration of the May 1996 court term by requesting a postponement of trial less than two weeks before expiration of this court term and by then filing a plea of former jeopardy and a request for a hearing on this plea. *Ballew v. State*, 211 Ga. App. 672 (440 SE2d 76). Compare *Birts v. State*, 192 Ga. App. 476 (385 SE2d 120).

3. Defendant contends the trial court erred in admitting evidence that he committed criminal acts during other turbulent episodes with Estep, arguing that these offenses were not relevant to prove that he committed an aggravated assault against Parson. This assertion is without merit.

The State not only gave defendant a detailed account (in a pretrial filing entitled, "NOTICE OF STATE'S INTENT TO PRESENT EVIDENCE OF SIMILAR TRANSACTIONS AND PRIOR DIFFICULTIES") of the similar crimes and occurrences the State sought to introduce into evidence at trial, but the trial court conducted a hearing pursuant to Uniform Superior Court Rule 31.3 (B) and heard a detailed account of the State's proffer. The State's attorney pertinently stated that on June 15, 1995, defendant struck Estep, grabbed her neck and accused her of infidelity; that defendant broke into

Estep's home on July 2, 1995, and marked the floor and walls of her home with disparaging words about Estep's intimate preferences and habits, and that on September 27, 1995, defendant broke into Estep's home and struck her face. The trial court found these occurrences admissible under the criteria enunciated in *Maxwell v. State*, 262 Ga. 73, 74 (2) (b) (414 SE2d 470). So do we.

There is sufficient evidence in the case sub judice (1) that the prior acts of domestic violence occurred between defendant and Estep; (2) that this evidence was properly admitted to show defendant's pattern of violent, irrational and obsessive behavior toward Estep, and (3) that there is sufficient connection or similarity between the prior difficulties and the crimes charged so that proof of the former tends to prove the latter. That is, proof of defendant's history of domestic violence and abuse against Estep, along with proof that defendant's behavior was motivated by his belief that Estep was having intimate relations with other men, is relevant to show defendant's reasons for entering Estep's home and beating Parson. See *Freeman v. State*, 214 Ga. App. 425, 427 (2) (448 SE2d 465).

The trial court did not err in admitting the other crimes and occurrences into evidence at trial.

4. Defendant contends the trial court erred in failing to give limiting instructions regarding use of the similar crimes and occurrences, arguing the trial court should have informed the jury that these outside occurrences were not relevant to prove any element of his alleged aggravated assault upon Parson. Defendant also argues that the trial court "did not provide the jury with a level of proof necessary for the state to show that [he] was the perpetrator of the prior and subsequent acts and that the acts were similar to the charged offenses." Because defendant does not show that he requested such limiting instructions at trial, these assertions provide no basis for review. See *Freeman v. State*, 214 Ga. App. 425, 427 (2), supra, and Court of Appeals Rule 27 (a) (1).

*Judgments affirmed. Beasley and Smith, JJ., concur.*

DECIDED FEBRUARY 3, 1998 —
RECONSIDERATION DENIED FEBRUARY 20, 1998

*Michael B. King*, for appellant.

*Robert E. Keller, District Attorney, Erman J. Tanjuatco, Assistant District Attorney*, for appellee.