## A99A2156. BRINSON v. THE STATE.

(530 SE2d 798)

BARNES, Judge.

Kermit Brinson, Jr. appeals his conviction of one count of child molestation in violation of OCGA § 16-6-4. He contends the trial court erred by: (1) denying his motions for mistrial made after three prosecution witnesses allegedly placed his character in issue, (2) charging the jury that the possible lesser included offenses were misdemeanors, and (3) denying his motion for a new trial. Brinson also contends the evidence was insufficient to sustain his conviction of child molestation and further contends the errors concerning the testimony that allegedly placed his character in issue were cumulative. We disagree and affirm.

Viewed in the light most favorable to the verdict, the evidence shows that on New Year's Eve 1997, several adults, including Brinson, who was a family friend, the ten-year-old victim's mother and stepfather, and her natural father, were attending a party at the home of the victim's mother and stepfather. The victim was asleep in her bed when she was awakened to celebrate the New Year at midnight.

After the celebration, the victim returned to her room and went back to sleep. Later, she awoke to find someone standing over her with his hand between her legs, rubbing her "private parts," by which she meant her "vagina." She identified Brinson as the person who rubbed her.

The victim told Brinson that she was sick and got out of bed. As she started to leave, Brinson grabbed her arm, but she pulled away and ran downstairs to her mother. She told her mother that she was sick and lay on the couch for two hours until her father took her upstairs. After her father asked her what was wrong, the victim told him what Brinson had done. The police were called, and the victim told them what had happened. Before the police arrived, the victim's father and stepfather beat up Brinson.

Eventually, Brinson was tried and convicted of child molestation. He was sentenced to serve 20 years confinement.

1. In three enumerations of error Brinson contends the trial court erred by denying his motions for mistrial after three of the State's witnesses allegedly put his character in issue improperly by testifying separately that Brinson (a) had been in prison, (b) was on probation, and (c) had kidnapped the third witness. On each occasion Brinson promptly moved for a mistrial, and the trial court denied the motions but gave curative instruction on the first two remarks, after which Brinson renewed his motions. The trial court denied the renewed motions.

Whether to grant a mistrial is within the sound discretion of the

trial court, and its ruling will not be disturbed absent an abuse of discretion. *Ladson v. State*, 248 Ga. 470, 476 (7) (285 SE2d 508) (1981). We do not find that the trial court abused its discretion in this case.

These apparently inadvertent comments do not rise to the level of misconduct condemned in *King v. State*, 261 Ga. 534, 535 (407 SE2d 733) (1991). See *Martin v. State*, 193 Ga. App. 581, 584 (388 SE2d 420) (1989). In *King*, an experienced police officer, who was present in court while the trial judge and counsel agreed that he was not to testify that King had been in jail and was instructed by the prosecutor not to refer to King's confinement, immediately testified that King had just been released from jail. In this case, the witnesses were the mother and the stepfather of this victim and the young child who was the victim of another sexual molestation by Brinson. They were not privy to discussions between counsel and the trial court about the scope of their testimony, and there is no indication that they were fully aware of all the ramifications of their testimony and the trial court's ruling on what testimony about the similar transaction was permissible. Brinson had been previously charged with kidnapping and molesting the young victim who testified in this case, and as part of a plea bargain, he was allowed to plead guilty to kidnapping only. At the start of this trial, the trial court ruled that testimony about the molestation of the other young victim was permissible as a similar transaction, but no evidence concerning Brinson's conviction for kidnapping would be allowed. No witness testified that Brinson was convicted of kidnapping. Although Brinson argues that the witnesses conspired to do so, we do not find from the context of the answers that the witnesses sought to intentionally prejudice the jury against Brinson.

Under the circumstances, we find no abuse of discretion in denying Brinson's motions for mistrial and, hence, no error. Accordingly, we find all of Brinson's enumerations of error concerning the testimony of these witnesses to be without merit.

2. Brinson contends the evidence was insufficient to sustain his conviction because of inconsistencies in the victim's testimony about whether she was terrified and because the victim, based on conversations she had with her mother about the dangers of being molested, had a predisposition to believe that Brinson molested her. He alleges that the victim misconstrued an innocent act to be child molestation.

On appeal, the evidence must be viewed in the light most favorable to the verdict, the appellant no longer enjoys the presumption of innocence, and the appellate court determines the sufficiency of the evidence and does not weigh the evidence or judge the credibility of the witnesses. *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990). Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact

could have found Brinson guilty of child molestation beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Based upon what he asserts was the cumulative effect of the alleged errors that prompted him to move for the mistrials, Brinson contends he is entitled to a new trial.

> Because this state does not recognize the concept of cumulative error, it is incumbent upon the defendant to show error with regard to each point he raises. Each of the motions for mistrial that appellant made during the course of the trial has been addressed. None was erroneously denied.

(Citation and punctuation omitted.) *Curtis v. State,* 182 Ga. App. 899, 901 (3) (357 SE2d 602) (1987). We do not find persuasive Brinson's argument that the circumstances of this case require a different result because the misconduct was allegedly part of a scheme by the mother and stepfather to bring this information to the attention of the jury.

4. Although Brinson now contends the trial court erred by instructing the jury that the lesser included offenses were misdemeanors, the transcript shows that when asked by the trial court whether he had objections to the charge, Brinson said that he had none. Therefore, any error was waived. When a trial court asks if there are objections to the charge, counsel must state his objections or reserve the right to object on motion for new trial or on appeal. Otherwise, waiver will result. *Jackson v. State,* 246 Ga. 459, 460 (271 SE2d 855) (1980). Moreover, any error in referring to the lesser included offenses was harmless. *Freeman v. State,* 214 Ga. App. 425, 426 (1) (448 SE2d 465) (1994); *Cater v. State,* 176 Ga. App. 388, 389 (336 SE2d 314) (1985).

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED MARCH 9, 2000 —
RECONSIDERATION DENIED MARCH 24, 2000.

*Silvis & Ambrose, Douglas K. Silvis, Chris E. Ambrose,* for appellant.

*J. David Miller, District Attorney, Mark E. Mitchell, Assistant District Attorney,* for appellee.