## A02A0202. SHELNUTT v. THE STATE.
(564 SE2d 774)

BLACKBURN, Chief Judge.

Following a jury trial, William Shelnutt, Jr. appeals his convictions for simple battery and making terroristic threats, contending that the trial court erred by (1) admitting character evidence against him and (2) prohibiting him from impeaching a witness. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the record shows that Shelnutt and his estranged spouse became involved in an argument at her home. During the argument, Shelnutt pushed his wife with his hand and threatened to kill her. On that same day, Shelnutt telephoned his wife's former boyfriend and threatened to kill him as well.

1. Shelnutt contends that the trial court improperly allowed character evidence against him on three separate occasions. We find no error.

(a) Shelnutt argues that the trial court erred in denying his motion for mistrial after his estranged wife alluded to the fact that he had previously been imprisoned. During direct examination, Shelnutt's wife testified that she told Shelnutt to leave the house because the Department of Family & Children Services and the police were coming. She then explained that she did not want them to find Shelnutt there, "as many times as they had been called with complaints, that my husband just got out of prison." Shelnutt moved for a mistrial based on the witness's impermissibly placing his character into evidence. The trial court found the response of the witness to be nonresponsive to the question, noted that the reference was not specific as to the purpose or basis for the defendant's imprisonment, and provided curative instructions to the jurors.

"Whether to grant a mistrial is within the sound discretion of the trial court, and its ruling will not be disturbed absent an abuse of discretion." *Brinson v. State.*[1] This court will not overturn the trial court's ruling when a passing reference is made to a defendant's record. *Johnson v. State.*[2] Nor will the trial court's discretion be disturbed, "[w]here the cause of the motion lies in the voluntary remark of a witness not invited by court or counsel, and, where the jury is properly instructed and the remark is not so flagrantly prejudicial as to violate the fair trial rights of the defendant." (Punctuation omitted.) *McKenye v. State.*[3] In these circumstances, we cannot say that the trial court abused its discretion in denying the mistrial.

(b) Shelnutt asserts that the trial court erred by failing to grant a mistrial when a witness stated that Shelnutt had beaten the victim previously. Shelnutt requested that the judge strike the witness's testimony as unresponsive. The trial judge instructed the jury to disregard the response and directed the witness to answer only the questions asked by the defense counsel.

Following the court's curative action, Shelnutt failed to make a timely motion for mistrial. The witness was examined further, and no motion for mistrial was made until after both cross-examination and recross-examination of the witness were completed and the judge had given recess instructions to the jurors. "[A] motion for mistrial which is not made at the time the questions objected to are

---

[1] *Brinson v. State*, 243 Ga. App. 50-51 (1) (530 SE2d 798) (2000).

[2] *Johnson v. State*, 256 Ga. 604, 605 (2) (351 SE2d 623) (1987).

[3] *McKenye v. State*, 247 Ga. App. 536, 538 (2) (544 SE2d 490) (2001).

answered is not timely and will be considered as waived because of the delay in making it." (Punctuation omitted.) *Peoples v. State.*[4]

Moreover, even had the motion been timely made, the trial transcript shows that the answer complained of was elicited by defense counsel. A defendant may not take chances in propounding questions which are likely to elicit damaging answers and then demand a mistrial on the basis of the answer. *Martin v. State.*[5] Thus, defendant's motion is without merit.

(c) Shelnutt contends that the court erred by failing to grant a mistrial when his wife's boyfriend was allowed to read aloud a comment from his statement made to a detective about two months after the argument between Shelnutt and his wife. That comment was "that the night before [Shelnutt] picked [his wife] up by her head." Shelnutt objected to this testimony as introduction of a prior incident without proper notice from the State. The trial court sustained Shelnutt's objection, the defense was allowed to review the victim's written statement, and the testimony of the witness continued.

No motion for a mistrial was made by Shelnutt during the following direct or cross-examination of the witness. "When an appellant could have tendered a timely motion for mistrial or requested additional relief but declined to do so, we generally will not grant more appellate relief than that actually prayed for at trial." *Demetrios v. State.*[6]

2. Shelnutt argues that impeachment evidence was improperly excluded. During direct examination, the wife's boyfriend was asked whether he was married. Thereafter, Shelnutt sought to obtain an answer to the following question about the witness's wife: "Where was she back around the time that you were committing adultery with [Shelnutt's wife]?" The trial court sustained the objection of the State to this question for lack of relevancy. The testimony sought was not material to an issue at trial. "The right to a thorough and sifting cross examination is not abridged by the action of the judge in confining it to matters that are in some manner relevant to the issues of the case on trial." (Punctuation omitted.) *Childers v. State.*[7]

Secondly, Shelnutt sought to introduce evidence that his wife had made prior false accusations of abuse against the boyfriend. The wife's testimony at trial was inconsistent with her previous written statement to the police made shortly after the incident indicating that Shelnutt had hit her, and she admitted in her oral testimony that she had lied.

---

[4] *Peoples v. State,* 184 Ga. App. 439, 440 (2) (361 SE2d 848) (1987).
[5] *Martin v. State,* 193 Ga. App. 581, 584 (2) (388 SE2d 420) (1989).
[6] *Demetrios v. State,* 246 Ga. App. 506, 512 (5) (541 SE2d 83) (2000).
[7] *Childers v. State,* 130 Ga. App. 555, 562 (6) (203 SE2d 874) (1974).

Shelnutt relies on OCGA §§ 24-9-68, 24-9-82, 24-9-83, and 24-9-84 as authority for introduction of this separate event as impeachment evidence. OCGA §§ 24-9-82 and 24-9-83 are not controlling here since the testimony to be introduced does not disprove facts testified to by the wife and does not relate to a contradictory statement made by the victim. OCGA § 24-9-84 is not controlling because there was no testimony of general bad character. Shelnutt's proffered testimony was evidence of a particular prior act of the victim, not evidence of the subject's general reputation in the community. Although OCGA § 24-9-84 allows a witness to be impeached by a showing of general bad character, specific acts of bad character are not admissible. *Wetta v. State;*[8] *Rogers v. State.*[9]

OCGA § 24-9-68 provides that "[t]he state of a witness's feelings toward the parties and his relationship to them may always be proved for the consideration of the jury." The wife's alleged lies about an unrelated incident were not probative of bias or prejudice toward Shelnutt. Here "[Shelnutt] claims admissibility on the basis of similarity, i.e., if she [the victim] fabricated that incident, she could fabricate the charges against the defendant. . . . It was a collateral attack upon the victim's credibility." *Haynes v. State.*[10] The issue here was whether Shelnutt struck and threatened his wife and her former boyfriend. The false accusation about another person on an unrelated incident is not relevant. Therefore, we hold that the trial court did not abuse its discretion in determining this testimony was inadmissible.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED APRIL 24, 2002.

*James W. Bradley,* for appellant.
*Robert E. Keller, District Attorney, Staci L. Guest, Assistant District Attorney,* for appellee.

---

[8] *Wetta v. State,* 217 Ga. App. 128, 130 (3) (456 SE2d 696) (1995).
[9] *Rogers v. State,* 247 Ga. App. 219, 229 (11) (543 SE2d 81) (2000).
[10] *Haynes v. State,* 180 Ga. App. 202, 203 (3) (349 SE2d 208) (1986).