## A02A1692. ANDERSON v. THE STATE.
(571 SE2d 815)

PHIPPS, Judge.

Eric Anderson was charged with committing an aggravated assault upon 67-year-old Harry Cook by kicking Cook in the face. The thrust of Anderson's defense was that he had committed a battery and not an aggravated assault. The jury found Anderson guilty of aggravated assault. Following denial of his motion for new trial, Anderson appeals his conviction of aggravated assault. He challenges the sufficiency of the evidence and the effectiveness of his trial lawyer. We find no merit in these challenges and affirm.

1. Anderson claims that the evidence was insufficient to show that he assaulted Cook with a deadly weapon or an object or device likely to result in serious bodily injury.

An eyewitness to the incident testified that Anderson pushed Cook to the ground and then kicked him in the face as he tried to get up. According to the witness, Cook "started bleeding real bad out [of] his nose and his face [swelled] up real bad." Another witness testified that "[i]t was a flat kick straight in the face. . . . [I]t was a . . . heavy kick as evidenced by the blood that I saw later and the man was clearly in a lot of pain." Cook testified that he bled profusely as a result of Anderson kicking him very hard in the face and that the force of the kick broke his dentures.

A person commits the offense of aggravated assault when he assaults "[w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury."[1] Whether Anderson's feet constituted objects likely to inflict serious injury was a question of fact for the jury.[2] Viewed in a light most favorable to the prosecution, the evidence supports the verdict.[3]

2. Anderson charges his trial attorney with ineffective assistance in various regards.

(a) In reliance on *Green v. State*,[4] Anderson claims that counsel was ineffective in failing to object when the prosecuting attorney injected the issue of punishment into the case by eliciting testimony during the evidentiary phase of the trial, and by commenting during closing argument, that battery is a misdemeanor.

At the hearing on Anderson's motion for new trial, counsel testified that he raised no objection to this because it reinforced his trial strategy of differentiating battery from aggravated assault. Counsel's

---

[1] OCGA § 16-5-21 (a) (2).

[2] *Scott v. State*, 243 Ga. App. 383, 385 (1) (d) (532 SE2d 141) (2000).

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] 206 Ga. App. 539, 541 (2) (426 SE2d 65) (1992).

decision was thus "a matter of tactics and strategy, and whether ultimately 'wise or unwise' did not amount to ineffective assistance of counsel. [Cits.]"[5] Moreover, arguments by the defense, as well as the trial court's charge, would have made it obvious to the jury that battery is a less serious offense subject to a lesser punishment than aggravated assault.[6] Consequently, we find no reasonable probability that the outcome of the trial would have been different had counsel objected to the prosecutor's actions.[7]

(b) Anderson also charges his trial lawyer with ineffective assistance in failing to object when during closing argument the prosecuting attorney sarcastically congratulated Anderson for not beating up his girlfriend, or hitting someone in a wheelchair, or using a knife or a gun. Anderson complains that the comments improperly injected facts not in the record and calculated to prejudice his right to a fair trial.[8] We do not find that defense counsel's failure to object constituted ineffective assistance as the prosecutor made no claim that Anderson did the things or possessed the objects to which reference was made.[9] Consequently, the remarks were in no way prejudicial, and counsel may have decided not to object to them as a matter of trial tactics. " 'What the law condemns is the injection into the argument of extrinsic and prejudicial matters which have no basis in the evidence.' [Cit.]"[10]

(c) Anderson charges his trial lawyer with ineffective assistance in failing to object when the prosecuting attorney asked the investigating officer why he had thought an aggravated assault charge was appropriate. Among other things, the officer responded that he had at first thought that Cook's nose had been broken. The evidence, however, showed that Cook's nose was not broken. Because the testimony elicited from the witness thus proved favorable to the defense, counsel's failure to object can also be considered a matter of trial tactics and strategy.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 26, 2002 — 

*Jackson & Schiavone, Steven L. Sparger,* for appellant.

---

[5] *Bagwell v. State*, 270 Ga. 175, 179 (1) (e) (508 SE2d 385) (1998).

[6] See *Cater v. State*, 176 Ga. App. 388 (336 SE2d 314) (1985).

[7] See, e.g., *Washington v. State*, 274 Ga. 428, 430 (2) (554 SE2d 173) (2001).

[8] *Booker v. State*, 242 Ga. App. 80, 84 (3) (528 SE2d 849) (2000); *Perry v. State*, 191 Ga. App. 589, 591 (2) (382 SE2d 402) (1989) (physical precedent only).

[9] Compare *Simmons v. State*, 266 Ga. 223, 228 (6) (b) (466 SE2d 205) (1996), with *Bryant v. State*, 164 Ga. App. 543, 544 (3) (298 SE2d 272) (1982).

[10] *Conner v. State*, 251 Ga. 113, 123 (6) (303 SE2d 266) (1983).

*Spencer Lawton, Jr., District Attorney, Jerome M. Rothschild, Jr., Assistant District Attorney*, for appellee.