A02A0906. MCKEE v. THE STATE.
(572 SE2d 740)

POPE, Senior Appellate Judge.

Defendant Kathleen Mckee was convicted by a jury of driving under the influence and failure to maintain lane. She appeals following the denial of her motion for new trial.

1. Mckee challenges the sufficiency of the evidence to support her convictions. Construed to support the verdict, the evidence shows Mckee was stopped during the early morning hours on February 6, 1999, by Sergeant Jamey Brown of the Georgia State Patrol. Brown testified that he was traveling on I-985 when he noticed the vehicle Mckee was driving because sparks were being thrown from it into the air. He also observed that Mckee was straddling both of the northbound lanes and driving very slowly, about ten mph. Brown testified that he activated his blue lights, but that Mckee's reaction was slow, and that initially she did not pull off the road but simply moved into the right lane. After she did move to the side of the road, Brown

approached the car and asked her if she knew why she had been pulled over. She responded that she did not and told Brown she had no idea she had a flat tire. Brown testified he got her to exit her vehicle to show her that she had been driving on the rim of her tire and that she was unsteady on her feet to the point that she almost fell to the ground numerous times, that her speech was slurred to the point that she was barely understandable at times, and that her eyelids were "almost closed."

Based on his observations, Brown testified he attempted to have Mckee perform several field sobriety tests. According to Brown, Mckee was unable to perform either the one-leg stand or the walk and turn test because she could not maintain her balance sufficiently to get past the instructional phase of the test. Brown further testified that he administered the Rhomberg balance test, which requires the subject to estimate the passage of 30 seconds while standing with feet together and head slightly back, and that in his opinion Mckee exhibited signs of impairment based on her performance of that test. Brown testified that, in his opinion, Mckee was under the influence of some type of drug or drugs to the point that she was "absolutely" a less safe driver, and that he placed her under arrest for DUI. Brown testified that he read Mckee Georgia's implied consent warnings, but that she declined to take either a blood or urine test.

We find this and other evidence presented at trial sufficient to support Mckee's convictions for the offense of driving under the influence to the extent that she was a less safe driver and for the offense of failure to maintain lane. *Walker v. State*, 239 Ga. App. 831, 832 (521 SE2d 861) (1999); *Griffin v. State*, 191 Ga. App. 302 (1) (381 SE2d 562) (1989).

2. Mckee argues, without citation of authority, that the trial court erred by admitting the certificates Sergeant Brown received from training courses he completed because they were cumulative, improperly bolstered his credibility by showing he was a drug recognition expert when he had not been tendered as such at trial, and constituted inadmissible hearsay.

The gist of Mckee's argument on appeal is that Brown was never tendered by the State as an expert, and thus the certificates showing he was qualified as an expert in drug recognition improperly bolstered his testimony at trial. But the transcript shows that Brown was questioned extensively about his training as a drug recognition expert, including the fact that he was one of the first to be trained as such in Georgia, and that no objection was interposed at trial that this testimony was improper because the State did not tender Brown as an expert. And assuming that the certificates were cumulative of the testimony about Brown's training as a drug recognition expert, the introduction of evidence which is merely cumulative of other evi-

dence admitted without objection at trial is within the trial court's discretion. *Roseberry v. State*, 274 Ga. 301, 303-304 (3) (553 SE2d 589) (2001), citing *Bright v. State*, 265 Ga. 265, 284 (16) (455 SE2d 37) (1995). See also *Choat v. State*, 246 Ga. App. 475, 479 (540 SE2d 289) (2000) ("[t]he admission of cumulative evidence is harmless"). Lastly, we need not consider whether these certificates were inadmissible hearsay, as Mckee urges in her brief on appeal, because that argument was not raised below. *Bryant v. State*, 270 Ga. 266, 270 (3) (507 SE2d 451) (1998).

3. Mckee next contends that the trial court erred by not declaring a mistrial after the prosecuting attorney asked her if she smoked marijuana. The record shows that the objection to the question was sustained, and the trial court indicated on the record that Mckee had not answered the question, although the court reporter apparently heard Mckee answer the question and transcribed the answer. Defense counsel requested no further action at that time, but at the close of the evidence moved for a mistrial, "whether she's answered the question or not." The trial court denied the motion for mistrial, but indicated it would "give any curative instruction you wish me to give." Defense counsel did not request a curative instruction.

This enumeration is without merit for several reasons. First, the transcript shows that in response to her counsel's questioning on direct examination, Mckee had denied that her poor performance on one of the field sobriety tests was attributable to drug use, and thus the State was entitled to disprove her testimony. See *Bryant v. State*, 226 Ga. App. 135, 138-139 (4) (486 SE2d 374) (1997).

Moreover, the trial court sustained the objection to the question, and defense counsel did not move for a mistrial at that time and did not accept the trial court's offer of curative instructions at the time the motion for mistrial was made and denied. " '(A) motion for mistrial which is not made at the time the questions objected to are answered is not timely and will be considered as waived because of the delay in making it.' [Cit.]" *Shelnutt v. State*, 255 Ga. App. 157, 158-159 (1) (b) (564 SE2d 774) (2002).

4. Mckee also contends that the trial court erred by not granting her motion for mistrial after the prosecuting attorney stated during closing argument that if she had taken the State-administered blood test it would have been positive for illegal drugs. The transcript shows that Mckee objected to this portion of the State's closing argument and moved for a mistrial. The trial court denied the motion and instructed the jury that the prosecutor's statement was his contention of the evidence and not a principle of law, and that it was up to the jury to determine the evidence. Mckee did not renew her motion or ask for additional instructions or further relief after this instruction.

"Where a defendant objects and moves for a mistrial during the State's closing argument and the trial court denies the motion but takes some corrective action, if the defendant is dissatisfied with that action, he must renew the objection or motion; otherwise, the issue is waived. [Mckee's] silence after the trial court's purported corrective action amounts to a waiver." (Citation and punctuation omitted.) *Stone v. State*, 257 Ga. App. 306, 309 (570 SE2d 715) (2002); *Wells v. State*, 243 Ga. App. 629, 631 (3) (534 SE2d 106) (2000).

5. Lastly, citing *Green v. State*, 206 Ga. App. 539 (426 SE2d 65) (1992), Mckee contends the trial court erred by informing the jury, in answer to a question submitted during their deliberations, that the charges against her were misdemeanors. However, we find *Green* distinguishable and that no reversible error occurred under the facts of this case.

First, we note in this case, unlike the situation in *Green*, all the charges were misdemeanors, and the jury had been informed of the nature of the charges when the trial court read the accusations as part of its instructions to the jury. No objection was made at that time, and the accusations were sent out with the jury, also apparently without objection. Moreover, unlike *Green* there is no indication here that the jury was deadlocked, and the trial court did not give an *Allen* charge after it responded to the jury's question.

Under these circumstances, we conclude that no harm occurred when the trial court answered the jury's question concerning the nature of the offenses.

*Judgment affirmed. Ruffin, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 21, 2002.

*Scott A. Drake*, for appellant.

*Jerry Rylee, Solicitor-General, William B. Hollingsworth, Assistant Solicitor-General*, for appellee.