A03A2233. WALKER v. THE STATE.
(594 SE2d 678)

MILLER, Judge.

Following a jury trial, Clarence W. Walker, Jr. was convicted of possessing cocaine based on evidence of cocaine residue remaining on a crack pipe discovered in a car he was driving. Walker appeals, challenging the sufficiency of the evidence and asserting error in the trial court's admitting a similar transaction. We discern no error and affirm.

Construed in favor of the verdict, the evidence showed that a police officer pulled Walker over for failing to wear a seat belt. Walker, who was alone in the car, was unable to show proof of insurance. The officer obtained Walker's consent to search the vehicle, which resulted in the officer finding a crack pipe in the car's center

console. The crack pipe contained cocaine residue. Walker told the officer that the pipe was not his but belonged to a friend whom Walker allowed to keep the pipe in the car. Walker was arrested.

Walker was charged with possession of cocaine, failure to wear a seat belt, and failure to have proof of insurance.[1] At trial the State presented similar transaction evidence showing that two months before the arrest, Walker was driving alone in the same car and was stopped by the same officer because a brake light on the car was not working. A consensual search of the vehicle resulted in the officer finding (in the car's center console) two small crack pipes virtually identical to that found in the case at issue. Walker told the officer similar information, namely that the pipes belonged to a friend and that Walker allowed that friend to leave the pipes in the car. The officer confiscated the pipes and informed Walker that it was illegal to possess the pipes and that Walker would go to jail if caught with such in the future.

Walker and his wife both testified at trial, claiming that their daughter (who used cocaine) had driven the car for the month immediately prior to the arrest. Walker asserted that the crack pipe discovered in the car belonged to his daughter. Walker admitted that two months prior to his arrest, the officer had warned Walker not to allow any more crack pipes inside the car.

The jury found Walker guilty on the three counts. He moved for a new trial, which was denied, and he now appeals.

1. Regarding the sufficiency of the evidence, Walker challenges only the possession of cocaine conviction, contending that the evidence of his possessing the cocaine was merely the presence of the crack pipe in the center console of the car he was driving. Since he and his wife testified that the pipe did not belong to him and that another person had been driving the vehicle just before the day in question, he argues that under the "equal access" rule set forth in *Farmer v. State*, 152 Ga. App. 792, 795-796 (264 SE2d 235) (1979), an acquittal was required. See also *Mackey v. State*, 234 Ga. App. 554, 555 (507 SE2d 482) (1998); *In the Interest of F. E. B.*, 188 Ga. App. 381, 382-383 (373 SE2d 72) (1988). We disagree.

Walker's argument would have merit if the only evidence tying him to the cocaine was his driving the vehicle in which the crack pipe was found. However, Walker told the officer that he was aware of the crack pipe being in his car and that he was allowing a friend to keep the pipe in the car. Walker's protestation that the pipe belonged to someone else was of little import, since OCGA § 16-13-30 (a)

---

[1] Walker was also charged with driving with a suspended license, on which charge the court granted a directed verdict of acquittal.

criminalizes the knowing possession of a controlled substance. "[I]t was possession of the cocaine, not ownership, that was at issue." *Wheat v. State*, 205 Ga. App. 388 (1) (422 SE2d 559) (1992). Only two months earlier, Walker had even received a specific warning from the officer that this was the case. The evidence sufficed to sustain the possession of cocaine conviction. Id.; see *Buckner v. State*, 253 Ga. App. 294, 296 (1) (558 SE2d 823) (2002) (cocaine residue from crack pipe sufficient to sustain possession of cocaine conviction).

2. Walker complains that the court erred in admitting evidence of the similar transaction that had occurred two months prior to his arrest. Conceding that the transaction was virtually identical to the one at issue, Walker nevertheless claims that since he did not own the pipes found in the prior transaction and was again only tied to them through their discovery in a car he was driving, he had committed no similar offense. Once again, Walker ignores that the crux of the prior offense was not the ownership of the pipes, but Walker's knowingly possessing them by allowing them to be in the car he was driving.

Walker also claims that the trial court failed to make the three express findings required by *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991), prior to admitting the similar transaction evidence. However, as held in *Morales v. State*, 210 Ga. App. 414, 416 (2) (a) (436 SE2d 528) (1993), such is not harmful error where the State presented sufficient evidence for the trial court to have concluded affirmatively that each of the requirements had been satisfied. Here the State presented such evidence, and we therefore discern no reversible error. See *Freeman v. State*, 214 Ga. App. 425, 427-428 (2) (448 SE2d 465) (1994).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED FEBRUARY 5, 2004.

*Steven M. Ellis, Jennifer E. Hildebrand*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Bruce E. Roberts, Assistant District Attorney*, for appellee.